GEORGE S. PICKLE *vs.* R. S. HOLLAND.

An order dissolving the injunction does not dismiss the bill, and is, therefore, an interlocutory order, from which a writ of error cannot be prosecuted.

A writ of error can only be prosecuted from a final decree or judgment.

The statute, which allows appeals from certain interlocutory orders in the chancery court, confines such cases to that mode of bringing them into this court.

In error from the circuit court of Lauderdale county; Hon. John Watts, judge.

This case was decided on a motion to dismiss the writ of error, because it was prosecuted to reverse a judgment when there was no judgment from which a writ of error could be prayed.

The opinion contains the facts of the case.

*D. Mayes*, for plaintiff in error.

Mr. Justice FISHER delivered the opinion of the court.

This was a bill filed on the chancery side of the circuit court of Lauderdale county. The record shows that the injunction

was dissolved on the motion of complainant, from which order a writ of error has been prosecuted to this court.

The order dissolving the injunction does not dismiss the bill, and it is, therefore, merely an interlocutory order, from which a writ of error cannot be prosecuted. A writ of error can only be prosecuted to a final decree or judgment. The statute allows an appeal from certain interlocutory orders in chancery; and it is only by appeal that a cause in such cases can be brought into this court.

Motion to dismiss the writ of error sustained, and judgment against the plaintiff in error for costs.