WESLEY DRANE *v.* RICHARD WINTER *et al.*

1. CHANCERY PRACTICE : INJUNCTION : FOR WHAT CAUSE DISSOLVED : AFTER DISSOLUTION OF INJUNCTION WHEN BILL DISMISSED OF COURSE. —Injunctions may be dissolved for want of equity on the face of the bill, without answer, or upon answer denying the equity of the bill; in either case, the bill cannot be dismissed until the last day of the next succeeding term of the court. The complainant is entitled to this time to take testimony in support of his bill, and to make application to reinstate his injunction, and if he fails to show cause, the bill is dismissed of course.

2. SAME : BILL NOT DISMISSED ON MOTIOM TO DISSOLVE INJUNCTION.— On a mere motion to dissolve an injunction on an answer denying the facts upon which complainant's equity depends, it is improper to dismiss the bill.

APPEAL from the Chancery Court of Madison county. Hon. J. A. P. Campbell, chancellor.

Drane filed his bill of complaint for the purposes of enjoining the sale of certain lands under a trust deed executed by Drane to Winter, to secure the payment of a loan of money from Mary R. Fort. The bill states the loan of the money by the agent of Mary R. Fort, the execution of the trust deed to secure its payment, and charges that in 1866 it was agreed that, if he would pay the interest on the loan, the land, which embraced his homestead, should not be sold, but that he might cultivate the same. That, relying on these representations, he had incurred expense and borrowed money for the purpose of cultivating the lands conveyed in trust. That Winter, the trustee, had advertised the lands for sale. The prayer is for an injunction to restrain Winter and Mary R. Fort from selling the lands until the completion of the crop. An injunction was granted as prayed for.

Winter and the executor of Mary R. Fort, who died after the filing of the bill, answered, denying the statements of the bill in reference to the agreement not to sell the land until Drane had completed his crop. The answer is sworn to by Winter alone.

A motion was made to dissolve the injunction. The motion being heard, the chancellor decreed that the injunction be dissolved and the bill dismissed.

From this decree an appeal is taken to this court, and the error assigned is the action of the court in dismissing the bill at the same term at which the injunction was dissolved.

*A. P. Hill* for appellant.

*Hudson, Nye, & Foote* for appellees.

ELLETT, J., delivered the opinion of the court.

The answer of Winter, one of the defendants, was filed September 26, 1866, and a motion entered on the same day to dissolve the injunction on bill, answer, and exhibits filed. The answer purports to be the joint answer of Winter, and of Richs, administrator of Mary R. Fort, but is not sworn to by

Richs, who was the representative of the only party having any interest in the cause ; Winter being only a trustee in a deed of trust. On the 20th of October, 1866, the motion was heard, and after ordering the injunction to be dissolved, the court proceeded to decree that the bill be dismissed.

The propriety of dissolving the injunction under the circumstances is not brought in question by the assignment of errors, but it is insisted that it was error to dismiss the bill.

It was certainly erroneous to dismiss the bill on a mere motion to dissolve the injunction on an answer denying the facts upon which the equity of the complainant depends. Parties are in all cases entitled to five months for taking depositions after answer filed, unless the complainant will admit the answer to be true. Rev. Code, 554, art. 89.

Injunctions may be dissolved for want of equity on the face of the bill, without answer, or upon answer denying the equity of the bill; but in either of these cases the bill cannot be dismissed until the last day of the next succeeding term of the court. Rev. Code, 551, art. 69. The complainant is entitled to this time to take testimony in support of his bill, and to make application to reinstate his injunction. If he fails to show cause to the contrary, his bill then stands dismissed, of course, and it is the duty of the clerk to make such entry.

It is urged, on the other side, that there was really no equity on the face of the bill, or, if there was, it has now ceased to have any existence by lapse of time, and that as the plaintiff in error has therefore sustained no injury by the dismission of his bill, the court ought not to reverse the decree. And the case of *Simple* v. *McGallagan*, 10 S. & M. 98, is cited and relied upon.

It would have to be a very clear case that the complainant could by no possibility suffer any prejudice from the error, in order to justify the court in refusing to reverse when the error itself is palpable. In this case we are by no means satisfied that the complainant was not entitled to relief on the case made by his bill, and even if his equity has ceased to exist, as was insisted at the bar, he might still be entitled to recover costs.

We think, therefore, that the decree dismissing the bill should be reversed, and the cause remanded for further proceedings.