J. H. MAURY *v.* JOHN J. SMITH, Tax Collector, et al.

CHANCERY PRACTICE—DISSOLUTION OF INJUNCTION DOES NOT, IPSO FACTO, DISMISS BILL.— It is error for the chancellor, on sustaining a motion to dissolve an injunction, to dismiss the bill. It should be retained, as provided by the statute, and this court will reverse such a decree, without considering the question of the sufficiency of the bill, ultimately, to entitle complainant to relief.

APPEAL from chancery court of Claiborne county. ELLIS, Chancellor.

The opinion of the court contains the facts of this case.

*J. H. & J. F. Maury*, and *T. G. Berry*, for appellants.

The main questions of controversy in this cause are settled against the complainant, by the decision of this court in the case of Coulson v. Harris, 43 Miss. 728. But we hold to the position that the chancery court did wrong in ordering the bill of complaint to be dismissed at the same time and by the same order that dissolved the injunction. There is much authority against the justice and legality of such an order. See 3 Am. Eq. Digest, 462 ; 4 Hen. & Mun. 159 ; 1 Tenn. (Ornton) 183 ; Rev. Code of 1857, p. 551, art. 67 ; ib. 1871, § 1048 ; Drane v. Winter et al., 41 Miss. 517 ; Gwin v. Pickett et al., 42 ib. 77.

The bill, instead of being dismissed when the injunction is dissolved, is retained until the end of the succeeding term of the court for the benefit of the complainant. The rule was intended to secure to a complainant an opportunity of amending his bill or supporting it by proof, or of resorting to various other such measures as may be afforded him in chancery practice. In depriving the complainant of the benefit of a rule of practice so well established by precedent, and by a positive statute, the chancellor did a wrong for which this court will reverse the decree and remand the cause, with instructions to render such a decree as will assure to the complainant the time and opportunity allowed by law.

*J. S. Morris, William Sillers* and *John B. Coleman,* for appellee.

This bill being to enjoin the tax collector from collecting the public revenue, and it not appearing that there was any irreparable injury threatened, was properly dismissed in the court below.   Coulson v. Harris, 43 Miss. 728.

TARBELL, J. :

Injunction to restrain the collection of taxes.   The bill was filed in 1870, and charges that "John J. Smith, acting as tax collector, fraudulently and wrongfully conspiring with the late tribunal called the board of police of Claiborne county, to extort money from citizens by illegal and unauthorized measures of taxation, have carried their exactions to such an excess that forbearance ceases to be a virtue, and it becomes not only a right but a duty to resist them." Numerous averments of illegality, irregularity, onerous and burdensome taxation are set forth, all of which are met by answer, and are denied or explained.   Under date of September 3, 1870, the record contains this entry : "This cause coming on to be heard upon the motion of said defendants to dissolve the injunction herein upon bill, answer and proofs, and the court having considered, and being duly advised in the premises, doth order, adjudge and decree that said motion be and the same is hereby sustained, and said injunction herein dissolved and said bill dismissed, and that complainant pay the costs herein to be taxed by the clerk of this court."

From this decree the complainant prays an appeal, and assigns here for error : "1st. That the decree on the said motion of said defendants to dissolve said injunction ought to have been denied ; 2d. That even if said motion, so far as dissolution of said injunction, was right and proper, yet the said chancery court manifestly erred in dismissing said bill of complaint."

Counsel for appellant, in his argument, says : "The main questions of controversy in this cause are settled against the

complainant by the decision of this court in the case of Coulson v. Harris, 43 Miss. 728, but we hold to the position that the chancery court did wrong in ordering the bill of complaint to be dismissed, at the same time and by the same order that dissolved the injunction. * * * The bill, instead of being dismissed when the injunction is dissolved, is retained until the end of the succeeding term of the court, for the benefit of the complainant. The rule was intended to secure to a complainant an opportunity of amending his bill, or supporting it by proof, or of resorting to various other such measures as may be afforded him in chancery practice."

Art. 69, Code of 1857, p. 551, enacts that, "When an injunction shall be wholly dissolved, the bill of complaint shall stand dismissed of course, with costs, unless sufficient cause is shown against its dismissal, at the next succeeding term of the court; and the clerk shall enter such dismissal on the last day of said term."

The motion in this case was to dissolve the injunction only, not including a motion to dismiss the bill. The court, therefore, exceeded its authority when it went further than asked by the motion. Upon a motion to dissolve the injunction, the court, in view of the statute above quoted, could only sustain the motion, leaving the cause to progress to its termination in the mode pointed out by that statute. It might be urged with great force, that, though given the time allowed by the Code, and though the complainant might in that period prove the truth of every allegation of the bill, nevertheless, he would not then make a case for a court of equity under the decisions of this court. This suggestion, however, is more or less speculative, and cannot be permitted to defeat a plain and positive provision of the law.

So much of the decree as dismisses the complainant's bill is reversed and the cause remanded to be proceeded with according to law.