ASPEN MINING & SMELTING CO. v. WOOD.

WHEELER v. SAME.

(Circuit Court of Appeals, Eighth Circuit. December 13, 1897.)

Nos. 942 and 945.

1. PARTIAL SATISFACTION OF JUDGMENT—DIRECTING EXECUTION FOR BALANCE —ASCERTAINING AMOUNT.
   Where, on appeal, a final decree fixed the amount due certain heirs, directed that it be distributed according to the laws of descent of the state of Colorado, and that in default of payment executions should issue, and the solicitor thereupon entered satisfaction thereof except as to certain amounts due one heir, an order of the lower court directing the clerk to issue execution thereon to satisfy the decree so far as the right, title, claim, and demand of such heir is concerned, when he or his counsel shall file a præcipe therefor, stating therein the amount claimed, is not an order for an execution for a different amount than that named in such satisfaction, as due to such heir, nor for the amount which may be claimed in such

præcipe, but requires the clerk, from the decree and satisfaction, to compute the amount due, and insert it in the execution.

**2. ORDER FOR EXECUTION—AMOUNT OF JUDGMENT—PENDENCY OF OTHER ACTION.**
Where the amount the judgment defendants owe one heir is fixed by final decree in a suit to which they were all parties, no claim or bill of another can unsettle it until that decree is modified or a supplemental decree is rendered; and the pendency of such bill or claim is no reason why execution should not issue for such amount.

**3. SAME—INTEREST OF ANOTHER IN JUDGMENT.**
The fact that a judgment creditor has agreed to pay, or has assigned, part of the judgment to a third person, is no reason why the judgment debtor should not be compelled to pay the judgment.

Appeal from the Circuit Court of the United States for the District of Colorado.

W. H. Tripp (H. L. McNair, C. S. Thomas, W. H. Bryant, and H. H. Lee, on the brief), for appellants.

L. M. Cuthbert (Henry T. Rogers and D. B. Ellis, on the brief), for appellee.

Before SANBORN and THAYER, Circuit Judges.

SANBORN, Circuit Judge. On July 30, 1896, the final decree in this suit which was brought by Margaret Billings, formerly the widow, and James O. Wood, Charles E. Wood, Thomas E. Wood, Hiram H. Wood, and William Wood, surviving sons, of William J. Wood, deceased, against Jerome B. Wheeler and the Aspen Mining & Smelting Company, was so modified by the direction of this court that it adjudged that the widow and heirs of William J. Wood, whom we have named, should recover from Jerome B. Wheeler $195,252.97, and interest from July 16, 1894, and from Jerome B. Wheeler and the Aspen Mining & Smelting Company $209,328.95, and interest from July 16, 1894; that Wheeler and the mining company should pay these amounts in 30 days; that in default of payment thereof within that time execution should issue therefor in the ordinary form; and that these amounts should be apportioned and paid to this widow and these heirs according to their respective interests therein as heirs of William J. Wood, deceased, under the laws of descent of the state of Colorado. On the next day the solicitor for the complainants in this decree filed a complete satisfaction of it, signed by himself as such solicitor, "except as to the following amounts remaining due to the complainant James O. Wood: From the defendant Jerome B. Wheeler, $6,973.32, besides the interest thereon from July 16, 1894; from the defendants Jerome B. Wheeler and the Aspen Mining & Smelting Co., jointly, $7,476.04, besides interest thereon from July 16, 1894." On February 27, 1897, the court below ordered its clerk to issue an execution to the marshal of the district of Colorado, commanding him "that out of the property, goods, chattels, and effects of the said respondents Jerome B. Wheeler and the Aspen Mining & Smelting Company he make and collect a sufficient amount to pay, satisfy, and discharge" this decree "so far as the rights, title, claim, and demand of said complainant James O. Wood thereunder are concerned, and for the purpose of paying and discharging the amounts justly due thereunder to the said com-

84 F.—4

plainant James O. Wood, at and upon the filing with said clerk by the said complainant James O. Wood, or his counsel, of a præcipe for said writ, stating therein the amount claimed by the said complainant James O. Wood to be justly due and owing him" under the decree. From this order Wheeler and the Aspen Mining & Smelting Company have appealed. Their objections to it will be very briefly noticed, for they are entitled to no extended consideration. They are:

1. That the order is erroneous because it directs the clerk to issue an execution for such an amount as the appellee shall claim in his præcipe. But the order contains no such direction. It is that the clerk shall issue an execution for the amount justly due to the appellee when the latter files a præcipe showing the amount he claims. The law, the decree, and the satisfaction which the complainants' solicitor filed are the sources from which the clerk must ascertain the amount to be inserted in the execution, and the order neither directs nor assumes that he will obtain it from any other source. The filing of the præcipe merely fixes the time when the execution shall issue, and indicates the amount which the appellee claims.

2. That the decree is joint, and the satisfaction on behalf of some of the complainants satisfies it as to all. But this proposition has no support either in reason or in authority.

3. That one William H. Wood has filed a supplemental bill against the appellants, that proceedings are to be had under it as a separate and distinct suit, and that until the final determination of the proceedings in that suit the amount due to the appellee will remain unsettled and uncertain. But the amount which the appellants owe James O. Wood has been settled and determined by the final decree in this suit, to which they were all parties, and no bill or claim of another can disturb or unsettle it until that decree is modified or a supplemental decree is rendered.

4. That one J. H. Casserleigh filed a notice in this suit from which it appears that he claims to be entitled under a contract with the appellee to one-third of the amount which he may recover under this decree. But Casserleigh is not a party to this suit, and the fact, if it be a fact, that the appellee has agreed to pay, or has assigned, one-half of the amount of the money which he is to recover from the appellants, is no reason why they should not pay the amount of their debt. When they have paid to the marshal the sum which this decree adjudges them to owe to James O. Wood, he and Casserleigh may litigate the question of its distribution, if they choose, but neither of them can again collect any of that debt from the appellants.

5. That the court had no power to issue executions for any other amounts than those named in the satisfaction filed by the solicitor of the complainants. But the court had both the power and the right to direct its clerk to examine both decree and satisfaction to compute the amounts which remained due to the appellee under them, and to insert those amounts in the executions. It was under no obligation to perform this clerical labor itself. The order below is affirmed, with costs.