[No. 4987.]
[No. 2530 C. A.]

THE SPAR CONSOLIDATED MINING COMPANY v. CASSERLEIGH ET AL.

1. **Pleading—Quieting Title—Executions—Parties.**
A complaint which alleges that plaintiff is the owner in fee and in possession of certain mining claims; that defendant, a judgment creditor of certain other parties, alleges them to be the owners of certain undivided interests in said mining claims, and has levied an execution upon and advertised for sale said pretended interests of said judgment debtors, and that if said sale is effected it will cast a cloud upon plaintiff's title and injure him by impairing the market value of property, is sufficient to state a cause of action to quiet title.

2. **Practice—Pleading—Injunction—Motion to Dissolve—Dismissal of Cause—Verified Answer.**
In an action to obtain a preliminary writ of injunction restraining a threatened sale under a writ of execution until final hearing of the cause, and at final hearing to cancel the alleged lien of the judgment and perpetually restrain the sale of plaintiff's property thereunder, it was error to dismiss the cause upon a motion to dissolve the temporary writ of injunction, although the answer was verified.

*Appeal from the District Court of Arapahoe County:*
*Hon. P. L. Palmer, Judge.*

Messrs. THOMAS, BRYANT & LEE and Mr. H. L. McNAIR, for appellant.

Mr. GEORGE W. TAYLOR, Mr. C. P. BUTLER and Mr. FRANK J. MOTT, for appellees.

Mr. JUSTICE GUNTER delivered the opinion of the court.

This was an action by appellant against appellees to secure a preliminary writ of injunction restraining the sale of certain mining claims under a writ of execution, and upon final hearing to cancel any lien thereon created by the levy of said writ, or the judgment upon which it was based. The preliminary writ was issued, and appellees moved its dissolution. Upon the hearing of this motion the court dissolved the writ and dismissed the action. This motion and the rulings thereon were based upon the pleadings.

No question is made of the provision of the judgment dissolving the preliminary writ; the error urged is the dismissal of the action.

1. Appellees attempt to justify the judgment of dismissal by the contention that the complaint did not state facts sufficient to constitute a cause of action. We do not concede that the court has the right to dismiss an action upon a motion to dissolve a temporary writ of injunction even though the complaint does not state a cause of action, because, for example, the plaintiff might desire and be entitled to amend; but it is unnecessary to go into this. The reason assigned by appellant why the judgment should stand, we repeat, is that the complaint does not state a cause of action. The allegations of the complaint are: In 1894 a decree for a large sum was entered in the United States circuit court for the district of Colorado in behalf of Margaret Billings, James O.,

Charles E., Thomas E., Hiram H. and William Wood against Jerome B. Wheeler and The Aspen Mining and Smelting Company, the latter being the then owner of the claims levied upon under the writ of execution sought to be enjoined herein. This decree, through the filing of a certified copy thereof in the proper office, became a lien upon said claims. Later, upon appeal, the amount of the decree was reduced. Pending this appeal Wheeler and the Aspen company, said judgment debtors, satisfied the claim of Margaret Billings, Charles E., Thomas E. and Hiram H. Wood in the decree by conveying to them certain individual interests in said mining property. The conveyances made in effecting this settlement were by express agreement subject to the lien upon said claims of said decree as to the interest therein of William and James O. Wood as judgment creditors. These conveyances were made in February, 1895. January, 1899, William Wood secured a writ of execution on said decree for his proportion thereof, which writ was levied upon all of said mining property and the same was sold to him. Later James O. Wood secured a writ of execution for the collection of his part of the decree, and assigned his interest therein to G. E. Ross-Lewin. Under this writ Ross-Lewin levied upon said property, redeemed it from the sale under the execution of William Wood, and sold it under his execution, receiving a certificate of sale therefor. Later, there being no redemption, and the certificate of sale having been assigned to appellant, a deed in pursuance thereof was issued to it. Under this deed appellant entered into possession of said property, and ever since has been in possession thereof as its owner in fee, claiming priority in right by virtue of the lien foreclosed by said executions in favor of William and James O. Wood to the conveyances made by the Aspen com-

pany to T. E. and C. E. Wood.  September 12, 1900, appellee Casserleigh obtained a decree in the district court of Arapahoe county against T. E. and C. E. Wood for a certain sum.  This decree provides that the amount to be paid thereunder shall be a lien upon the interest in said property conveyed to T. E. and C. E. Wood in February, 1895, and shall relate back to August, 1895, the date of the institution of the suit in which such decree was rendered.  Casserleigh procured writs of execution and was proceeding to sell thereunder the said interests of C. E. and T. E. Wood in said property.

It is further alleged that said C. E. and T. E. Wood have no interest in said property, and that a sale under the Casserleigh execution of any interest therein as belonging to them would cast a cloud upon the title of appellant.  The prayer was for a preliminary writ of injunction temporarily restraining the threatened sale, and, upon final hearing, for a decree setting aside the pretended lien of the Casserleigh judgment and the execution levied thereunder, and perpetually enjoining the sale of said property under said decree.  The answer traversed the allegations of the complaint and presented a cross-complaint.  A reply put in issue the averments of the answer.  The gist of the allegations of the complaint is:  Appellant is the owner in fee and in possession of certain mining claims; appellee Casserleigh, a judgment creditor of C. E. and T. E. Wood, alleges them to be the owners of certain undivided interests therein, and under an execution in his favor on said judgment has had the pretended interests of said C. E. and T. E. Wood in said property levied on and advertised for sale; if said sale is effected it will cast a cloud upon the title of appellant in said premises and injure him by impairing the market value of his said property.

These facts showed such a threatened cloud upon the title of appellant as justified the interposition of a court of equity.

This question was ruled in *Bell v. Murray,* 13 Colo. App. 217, 221, 223. There the sheriff under a writ of execution, issued upon a judgment against a third party, Palmer, had levied upon and was threatening to sell as the property of Palmer a certain mining claim which was owned by and the record title of which was in the plaintiff. The action was to obtain a decree holding the judgment against Palmer to be no lien upon the said claim, canceling the pretended lien through the levy of the execution and permanently restraining the threatened sale. The contention of the defendants therein was:

"That it appeared from the complaint itself that the record title to the lode claim was not in Palmer, and the complaint further averring that Palmer had no right, title or interest in the claim, the mere levying of an execution upon the right, title and interest of Palmer in the claim, and a sale thereunder, would constitute no cloud upon plaintiff's title."

And that therefore the complaint failed to state a cause of action. The court held that notwithstanding such allegations the complaint stated facts sufficient to constitute a cause of action and *inter alia* said:

"Neither upon principle nor reason must the plaintiff, claiming to be the real owner of all of the property, be compelled to sit back and wait until the claim of the judgment creditor had ripened into a complete and perfect claim, and he had attempted to enforce it. This would be a most unreasonable requirement, and would work great injustice to a plaintiff. Before he could under such a contention be permitted to institute a suit to settle the disputed question months or years might elapse, and in the

meantime the plaintiff, if the true owner, might be absolutely deprived of the highest and most important privilege and attribute of ownership—that is, the power to sell at the highest price. No one would purchase and pay the same amount were this threatened cloud impending over the title as he would if it were entirely removed.''

Speaking of the results of a contrary holding Mr. Pomeroy, in his Equity Jurisprudence, vol. 3 (2d ed.), § 1399, says:

''It leads to the strange scene, almost daily in the courts, of defendants urging that the instruments under which they claim are void, and that therefore they ought to be permitted to stand unmolested, and of judges deciding that the court cannot interfere, because the deed or other instrument is void, while from a business point of view every intelligent person knows that the instrument is a serious injury to the plaintiff's title, greatly depreciating its market value, and the judge himself who repeats the rule would neither buy the property while thus affected nor loan a dollar upon its security. This doctrine is, in truth, based upon mere verbal logic, rather than upon considerations of justice and expediency.''

See also *Day Company v. The State,* 68 Tex. 526, 536.

We think the complaint stated facts sufficient to constitute a cause of action.

2. Contention is also made that the amended answer setting up an affirmative defense was not traversed, and that for this reason the judgment should stand. As to this, we think it clear from the record, especially the motion stating the grounds upon which the court was asked to dissolve the temporary writ, that either the amended answer was not before the court when the order of dissolution was made, or if it was, that it was considered by the court

and the parties as traversed by the replication to the original answer. We are satisfied that the court did not dismiss the action upon the theory that the allegations of the amended answer had been admitted by the failure of appellants to plead thereto.

3. It is clear from the record that the court below upon a motion to dissolve a temporary writ of injunction dismissed the action. This motion was based, as we have stated, on the pleadings.

The purpose of this suit was to obtain a preliminary writ of injunction restraining the sale threatened by appellees under the writ of execution until the final hearing of the cause, and at the final hearing to cancel the alleged lien of the Casserleigh judgment, and to perpetually restrain a sale of the said property of appellant thereunder. Appellant had the right upon final hearing to prove the allegations of his complaint; and if he proved them, to have the relief prayed. A dismissal of the action upon a motion to dissolve the temporary writ of injunction, which motion was based upon the pleadings, manifestly deprived appellant of the right to try its case on the merits. The fact that the answer was verified is not a justification of the action of the court in dismissing the case. Whatever the law once was as to the conclusive effect of a verified answer to a bill in chancery, it is not now the law that a verified answer is conclusive upon the merits of the action and entitles the defendant to a dismissal. Even on an application to secure a temporary writ, or to dissolve it by giving proper notice, evidence may be adduced by the parties.—Mills' Ann. Code (revised ed.), secs. 151, 152.

"If the bill itself states a cause which would, if proven, entitle plaintiff to an injunction or other relief upon final hearing, it is error to dismiss the bill upon dissolving the injunction, and it should be

retained until the final hearing."—High on Injunctions (3d ed.), § 1477.

See also *Russell v. Wilson*, 37 Iowa 377; *Maury v. Smith*, 46 Miss. 81.

The verification of the answer did not justify the court in dismissing the action. No question is made of the order dissolving, upon the pleadings, the preliminary writ of injunction, and for this reason such ruling is not considered.

Judgment reversed.                               *Reversed.*

Mr. Justice Maxwell and Mr. Justice Bailey concur.