King, J.,
delivered the opinion of the court.
November 27th, 1900, The Spar Consolidated Mining Company, a corporation, defendant in error herein, filed its bill in equity in the district court to quiet its title as against the plaintiffs. in error to a group of mines situated in Pitkin county, Colorado, in the record and.' hereinafter designated the Spar group, including an undivided 57/84 of the Emma mine; to enjoin the defendant Irving as sheriff from selling or offering for sale any of said property under any writ of execution issued in a certain cause wherein the said J. H. Casserleigh was plaintiff, and Charles E. Wood, Thomas E. Wood, J. B. Wheeler and The Aspen Mining & Smelting Company *241 were defendants, and to cancel the lien of said execution and judgment upon which the same was issued. Claim of title in fee simple by defendant in error is based on the purchase of the premises on the 17th day of February, 1900, at an execution sale thereof made by the United States marshal to one Ross-Lewin, who assigned the certificate of sale to defendant in error, to whom, later, the marshal’s deed was executed and delivered. The complaint states briefly the evidence upon which title and claim are based, as follows: In 1894 a decree for a large sum of money was entered in the United States circuit court for the district of Colorado, in behalf of Margaret Billings, James O. Wood, Charles E. Wood, Thomas E. Wood, Hiram H. Wood and William Wood, against Jerome B. Wheeler and The Aspen Mining & Smelting Company, the latter being at that time the owner of the claims levied upon under the writ of execution sought to be enjoined herein. This decree, by the filing of a certified copy thereof in the proper office, became a lien upon said claims on the 27th day of August, 1894. Pending an appeal from said judgment, Wheeler and the Aspen company (said judgment debtors) satisfied the claims of Margaret Billings, Charles E. Wood, Thomas E. Wood and Hiram H. Wood, by conveying to them certain undivided interests in said mining property, by deeds dated February 15th, 1895. The conveyances' made in effecting this settlement were, by express agreement, subject to the lien of the said decree as to the interests therein of James O. Wood and William Wood as judgment creditors. January 8th, 1899, William Wood secured a writ of execution for his proportion of said decree, which .writ was levied upon .all of said mining property and the same sold to him for the sum of $20,000. Thereafter, James O. Wood secured a writ of execution for the collection of his part of the decree, *242 and assigned Ms interest therein to the said Ross-Lewin. Under this writ Ross-Lewin levied upon the property, redeemed it from the sale under the execution of 'William Wood, and sold it, receiving a certificate of sale therefor which he assigned to the plaintiff corporation, and there being no redemption, a deed pursuant to such certificate was issued to it, and under this deed defendant in error entered into possession of all of said property as owner in fee, claiming priority in right by virtue of the lien foreclosed by said executions in favor of William Wood and James O. Wood, to the conveyances made by the Aspen company to Thomas E. Wood and Charles E. Wood. September 12th, 1900, plaintiff in error Casserleigh obtained a decree in the district court against said Thomas E. Wood and Charles E. Wood, which provided that the amount of the judgment should be a lien upon the interests in said property conveyed to said Thomas • E. Wood and Charles E. Wood in November, 1895, and relate bach to August of that year, the date of the institution of the suit in which the decree was rendered. Casserleigh procured writs of execution and was proceeding to sell thereunder said interests of Charles E. Wood and Thomas E. Wood. It is alleged that said execution debtors have no interest in said property, and that a sale under the Casserleigh executions of any interest therein as belonging to them, would cast a cloud upon the title of defendant in error. The answer put in issue some of the allegations of the complaint and also presented an affirmative defense in the nature of cross-complaint, charging in substance, that by the compromise and settlement of the 1894 decree (whereby the claims therein of Margaret Billings, Thomas E. Wood, Charles E. Wood and Hiram H. Wood were satisfied) it was understood and agreed by and between the parties thereto, and William Wood and James O. Wood, that the lien of said *243 decree was discharged except as to the remaining undivided 11/20 interest of the said Wheeler and the Aspen company in such mining claims; that thereafter and pursuant to a conspiracy between William Wood, James O. Wood and one D. R. C. Brown and others, and for the purpose of defrauding the said Casserleigh, and preventing the collection of his claim, the said' agreement and understanding was violated, and executions sued out by the said William Wood and the said James O. Wood by virtue of which the entire interest in the said claims was levied upon as the property of the Aspen company and sold, first, to the said William Wood upon his execution, and thereafter to the said Ross-Lewin, assignee of the James O. Wood judgment and execution; that said Ross-Lewin was acting for, and with the money of, the said D. R. C. Brown, a stockholder in the said Aspen company, and its bondsman on an appeal taken to the circuit court of appeals involving certain questions therein in litigation in said court affecting said executions; that pursuant to said conspiracy, and with full knowledge of the equities of plaintiff in error herein, the said Brown caused The Spar Consolidated Mining Company to be incorporated, and the said premises conveyed to it by marshal’s deed. Portions of certain judgments, orders and decrees of the United States court were incorporated in the answer, either by copy or reference, to support the theory of plaintiff in error that his lien was not upon the property of defendant in error, and would not affect its title, and to substantiate the allegations of fraud.
The complaint stated a good cause of action, and if sustained by the evidence, defendant in error was entitled to the relief prayed for and granted, unless its prima facie case was defeated by proof of the affirmative allegations constituting the answer and cross-complaint *244 of plaintiff in error.—Spar Con. Mining Co. v. Casserleigh, 34 Colo., 454.
The evidence submitted in support of plaintiff’s complaint as well as defendant’s answer is contained in an agreed statement of facts, from which evidence all the controverted material allegations of the complaint are fully sustained; and the priority of the lien under which plaintiff and its assignors purchased the property over the lien of plaintiff in error herein, a levy upon all of said premises as the property of "Wheeler and the Aspen company as of the date when said lien attached under execution for the purpose of foreclosing said lien in the interest of said William and James O. Wood, sale thereunder as provided by law by which title vested in the defendant in error herein to the exclusion and divestiture of any interest of Thomas E. Wood and Charles E. Wood under their conveyances from the said Aspen company dated February 15th, 1895, as well as of any interest of plaintiff in error by virtue of his alleged lien on said premises, was established. The only evidence tending to support the allegations of fraud and conspiracy is contained in the admissions in said agreed statement of facts, that said I). R. C. Brown was surety on an appeal bond for the sum of $15,000 for Wheeler and the Aspen company, on an appeal to the circuit court of appeals from an order of the circuit court authorizing and directing issuance of a writ of execution at the instance and in behalf of the said’ James O. Wood upon 'said decree, to make from the property of said Wheeler and the Aspen company the amount due said Wood upon said judgment; and that to secure himself, said Brown received a mortgage upon an undivided 11/20 of the property herein mentioned, being the interest not theretofore conveyed in settlement of a part of said judgment .as stated, and which said bond became forfeited upon *245 the said order being sustained by the circuit court of appeals; that thereafter said Ross-Lewin purchased said property under the execution of James O. Wood for the sum of $34,500, using the money of said Brown, Elmer T. Butler and David H. Moffat, and in such purchase acting for them; that The Spar Consolidated Mining Company, defendant in error herein, was organized February 20th, 1900, by said Brown and his associates, most of whom had been attorneys for said Wheeler, the Aspen company and Brown, and that thereafter the certificate of sale issued to said Ross-Lewin was by him assigned to defendant in error. There is no evidence that said Brown was a stockholder in the Aspen company, or interested in said premises, or with Wheeler or said company, except as surety upon said appeal bond, nor that either Butler or Moffat, who with Brown furnished the money for the purchase of said property at the execution sale, was in any manner interested prior thereto in said property, litigation or judgment debtors. Conceding that such facts may be some evidence tending to sustain the charges of fraud, nevertheless all of said acts are consistent with perfect good faith on the part of defendant in error and said Brown and others interested in the incorporation of The Spar Consolidated Mining Company, and fall far short of that clear and convincing evidence of fraud necessary to justify the trial court in finding for the defendants thereon, or this court in giving it further consideration. — 20 Cyc., 120. The allegation of plaintiff in error in his answer and cross-complaint that, between the parties plaintiff and defendant in the Billings case who effected a compromise and settlement, and James O. Wood and William Wood, there was an. understanding or agreement that the lien of said decree in favor of said William Wood and James *246 O. Wood was discharged, in whole or in part,, as to any of the property, is no.t sustained by the evidence.
In support of his contention that the undivided interests conveyed to Charles E. Wood and Thomas E. Wood by the Aspen company were not divested by the execution sales under which defendant in error claims,plaintiff in error cites and relies on certain decisions of the federal courts, particularly Aspen Mining & Smelting Co. v. Wood et al., 84 Fed., 48, and Wood v. Brown, 104 Fed., 203. In the latter case on an appeal involving the executions issued in favor of William Wood and James O. Wood, and an appeal bond executed by the said Brown as surety for The Aspen Mining & Smelting Company, the court said:
“Nor does the fact that William Wood, under an execution in his favor, based on the same decree and lien, has caused this real estate to be sold, and has purchased it at the sale under the decree himself, release the surety, Brown, from his obligation upon this bond, or impair or affect the lien of this decree in favor of the plaintiff, James O. Wood. The rights of William Wood and James O. Wood rest upon the same decree and upon the same lien. ’ When the transcript was filed in Pitkin county, it fastened the liens of each for the amounts respectively due them under the decree upon the real estate of the mining company and Wheeler at the same time, and no sale or purchase of either under any process issued under this decree can divest or affect the lien or security of the other.”
From this ruling plaintiff in error argues that, inasmuch as it is therein held that an execution sale by William Wood would not affect the lien of James O. Wood under the same decree, or vice versa, first, defendant in error,' as the assignee of James O. Wood, could not redeem the premises from the execution sale *247 of William Wood, and second, such sale did not and could not affect the interests of Charles E. Wood and Thomas E. Wood, co-plaintiffs with William Wood and James O. Wood in the same suit, and therefore, neither the interests conveyed to Charles E. Wood and Thomas E. Wood in the settlement, nor the lien of plaintiff in error thereon, were divested by the execution sale under which defendant in error claims. As to the first point, which is earnestly urged, we think it is wholly-immaterial, for a purchase under the James O. Wood execution would give good title after the lien of William Wood was divested by payment to and acceptance by his conservator of the amount necessary to redeem the property from such sale. The right to so redeem could only be challenged by said William Wood, and after accepting the money, even he would be estopped. — Stoddard v. Forbes et al., 13 Ia., 296; White v. Crow, 17 Fed., 98, 103. As to the second point we think there is no merit. By the agreement of settlement, defendants in that suit conveyed to, and Charles ”E. Wood and Thomas E. Wood accepted, certain undivided interests in the mining property subject to the prior general lien of the decree in favor of all the complainants. Neither the said grantor nor the grantees could, by any act of theirs, divest the lien upon the whole property fixed by the judgment and record in favor of James O. Wood and William Wood, without their consent. Such consent is not in evidence, unless by implication, and such implication cannot be convincingly deduced from the evidence. The interest which the Aspen company and Wheeler had in said premises (i. e., the Spar group) at the time the lien was impressed thereon, was the entire interest, and that interest passed to the defendant in error herein by the execution sale and marshal’s deed pursuant thereto. Such judgment lien was paramount to the lien of the junior judg *248 ment in favor of Casserleigh. — Freeman on Executions, sec. 196. Had application been made in an appropriate proceeding, at the proper time, to require a sale of such portion or undivided interest in the premises as had not been conveyed by the Aspen company and Wheeler to said Charles E. Wood and Thomas E. Wood, it is reasonable to presume that such application would have been granted. No such relief was invoked, and plaintiff in error has no right to such relief in this action. Defendant in error had actual knowledge as well as constructive notice of such executions and sales thereunder.
Courts of equity never interfere when the law has given one' class of creditors preference', but recognizes and enforces antecedent liens existing on the property according to their priorities. This rule does not impair the authority of such courts to prevent judgment creditors from retaining an advantage which they have secured through misrepresentation or some other unconscientious device, but in the absence of a clear affirmative showing that the creditors obtained such advantage by such misrepresentation or device, they will be allowed the full advantage of their liens. — Freeman on Judgments, sec. 395. No such clear affirmative showing appears in this case to justify the court in depriving the purchaser at the execution sale of the full benefit of the prior lien of such execution creditor.
Plaintiff in error, Casserleigh, neither had nor claimed any interest in the Spar group, except by reason of his judgment lien thereon. It is conceded by both parties that no interest in the Emma mine was involved in this proceeding inasmuch as no levy thereon under the Casserleigh execution was made, and counsel for defendant in error states that the 57/84 interest in the Emma mine was erroneously included in the complaint. Plaintiff in error complains of the decree because it *249 assumes to quiet title to the Emma mine, hut we fail to see that he is in any manner prejudiced in that respect. The judgment is affirmed.