## R. L. EVANS *v.* W. M. MONEY.

[61 South. 309.]

INJUNCTION. *Dismissal before hearing. On dissolving Injunction. Code 1906, section* 621.

Under Code 1906, section 621, providing that "when, on motion, an injunction shall be wholly dissolved, the bill of complaint shall be dismissed of course with cost, unless sufficient cause be shown against its dismission at the next succeeding term of the court" it was not reversible error for the chancellor, on sustaining a demurrer to the bill in an action to enjoin the enforcement of a judgment by execution, to dissolve the injunction and dismiss the bill, as complainant by the statute was given until the end of the next term of the court opportunity to show cause why the dismissal should not be considered final and as the decision on the demurrer practically disposed of the case and an appeal was granted by the chancellor.

APPEAL from the chancery court of Jones county.

HON. SAM WHITMAN, JR., Chancellor.

Suit by R. L. Evans against W. M. Money. From a judgment for defendant, plaintiff appeals.

In 1905 W. M. Money obtained two judgments against one Barrett in the court of a justice of the peace, and about two years later caused a writ of garnishment to be issued, naming R. L. Evans as garnishee. Judgment by default was taken on this writ of garnishment, no answer issued, Evans filed a bill for an injunction to restrain the constable from levying the execution. His bill alleged that he did appear in response to the writ of garnishment, but could not locate the justice of the peace, and that he was directed to the wrong place. It was shown, however, that the justice of the peace held his court in his regular court room on the day named in the writ, at which time judgment by default was taken against Evans. On the hearing the chancellor sustained a motion to dissolve the injunction and dismissed the bill. Afterwards, when the judgment was sought to be enforced, Evans filed another

bill, in which he alleged that there was a custom, among lawyers at the Laurel bar, to notify each other if any steps were to be taken in a cause in which they were interested, and that the attorneys of Evans were not notified when the motion to dissolve the injunction came on for hearing and was sustained. On the hearing of this second suit for injunction, the chancellor sustained a motion to dissolve and entered a decree dissolving the injunction and dismissing the bill, and from this decree Evans appeals.

*Stone Deavours,* for appellant.

The motion to dissolve the injunction on the face of the bill admits that the judgment on which the writ of garnishment was issued is void, that it was rendered by default without service of process on the defendant. It further admits that when appellant secured an injunction against it appellee practiced a grievous fraud against him by lulling him into inaction, by a solemn agreement that nothing more should be done in the cause until they had time to find the justice docket and papers, and then in violation of this, without any sort of notice to appellant, did the very thing he had solemnly promised not to do. It may be that he might, at any time he chose to do so, have withdrawn his agreement, and proceeded with the cause, but it would be a seared conscience indeed that would approve Money's act in lulling Evans into inaction by his agreement that neither should take any further action in the case until the docket and papers in the justice of the peace case should be found, and then to bushwhack him under cover of this agreement as he did. Bear in mind here that he admits that all this is true. The excuse that he advances for doing it, and the only excuse he says he has, is that, as alleged in his demurrer, his agreement was not in writing. A court of equity will not tolerate such bad faith as this in any case, much less when it is to abuse its own power.

The case of *G. & S. I. Ry. Co.* v. *Flowers et al.,* 85 Miss. 633, 38 So. 37, originated in the justice court. While it

was pending in the justice of the peace court, and on the return day the attorney for the plaintiff told the railroad's attorney that he would not be at the place of trial, and that he had written to his client and to the justice of the peace that he could not be there that day and to continue the case. There was no further agreement than this that the case should be continued, and the railroad's attorney went home. The plaintiff himself appeared in court and took a judgment by default. Of the question thus presented this court said:

"There is no question whatever in this case of the good faith of Flowers or his attorney. The sole question is whether it would not be a fraud to permit the judgment to stand. The record presents a situation where a judgment by default was had which was fraudulent in its effect but not in its design. . . . The execution of this judgment was enjoined and the injunction should not have been dissolved. The railroad attorney had the right to rely on the statement of the attorney for Flowers, and there being no dispute between counsel as to the facts above stated, the injunction is retained" etc.

Neither is there any dispute as to this between counsel, or litigants here. The bill alleges the agreement, the motion and demurrer admits its truth, the appellee only saying in his demurrer, in effect, that he ought not to have stood by his agreement because, forsooth, it was not in writing. Whether fraud was here intended or not, it was and is a fraud in law. Fraud vitiates all judicial acts and renders them utterly void. The fraud and deception practiced in procuring the dissolution of the former injunction vitiates it; that suit for that reason was and is still a pending cause, and the prayer of this bill to reinstate that injunction and administer the relief prayed for in the other bill ought to be granted and the injunction maintained until that can be done. See also, *Fletcher* v. *Rapp,* S. & M. Ch. 374; *Herring* v. *Winans,* S. & M. Ch. 466; *Humphries* v. *Bartee,* 10 S. & M. 282.

At all events it was error for the court below on a mere motion in vacation to dissolve the injunction to assume

to sustain a demurrer and dismiss the bill. Sec. 621 of
the Code of 1906 is as follows: "When, on motion, an
injunction shall be wholly dissolved the bill of complaint
shall be dismissed of course with costs, unless sufficient
cause be shown against its dismission at he next succeed-
ing term of court.''

The above statute has been several times construed by
this court, notably in the following cases:

  *Drane* v. *Winter* et al., 41 Miss. 517, where in this court
says: "Injunctions may be dissolved on the face of the
bill, without answer, or upon answer denying the equity
of the bill; but in either of these cases the bill cannot be
dismissed until the last day of the next succeeding term
of court.''

*Murray* v. *Smith*, 46 Miss. 81, in which the court after
quoting from Art. 69, Code 1857, the statute above set out
says: "The motion in this case was to dissolve the in-
junction only, not including a motion to dismiss the bill.
The court, therefore, exceeded its authority when it went
further than asked by the motion. Upon a motion to dis-
solve the injunction, the court, in view of the statute
above quoted, could only sustain the motion, leaving the
cause to progress to its termination in the mode pointed
out by that statute. It might be urged with great force,
that though given the time allowed by the Code, and
though the complainant might in that period prove the
truth of every allegation of the bill, nevertheless he would
not then make out a case for a court of equity under the
decisions of this court. This suggestion is, however, more
or less speculative, and cannot be permitted to defeat the
plain and positive provision of the law.''

In this case the court also says that this rule is intended
to secure to the complainant an opportunity of amending
his bill or supporting it by proof, etc.

The appellee contends that the matters set up in this
bill have been once adjudicated, and in support of this he
urges his own unconscionable act by which he claims the
former injunction suit was terminated. We say that it

was not terminated, and it is the purpose of this bill to reopen it and administer the relief therein sought because of the bad faith by which appellee secured the decree dissolving the former injunction. It is admitted that Evans, the garnishee, owed Barrett nothing; it is admitted that the judgment against Barrett under which he was garnisheed, is void; it is admitted that he tried to find the justice of the peace at the proper time and place to file his answer denying that he was indebted, and we most earnestly submit that to hold him bound to pay it under the circumstances disclosed in this record without any further hearing would be contrary to all equity and good conscience.

*W. R. Harper,* for appellee.

There can be no question that the first injunction granted on the first bill of complaint ought to have been dissolved on its face, since the mistake, as alleged, was purely a mistake of the complainant himself, resulting from his own negligence and folly in trying to manage his own case. The trouble about complainant is that he ought to have had him a lawyer to look after his matter, and he made the mistake of managing his own case and not being able to find the proper court. It was his own folly, and the law will not undertake to relieve him therefrom. To uphold such contention would be but to make a judgment of a court the beginning rather than the end of litigation.

The second bill of complaint seems to us to be equally as trifling in that it sets up that the chancellor dismissed the bill and dissolved the injunction without defendant's knowledge. Of course, it was the duty of the lawyers to be on hand, and alert about their business, and if the chancellor granted the decree, as the record shows that he did, and dismissed the bill, then it is too late for any court to set aside such a decree, unless fraud is shown, and there is no pretense that there was any fraud in obtaining this decree. It is idle to say that because a personal courtesy is extended to one lawyer by another, to

send out and hunt him when he is not in court looking
after his case, becomes a right in the litigant. There is
no pretense that there was any agreement in writing to
such effect by the counsel, but the allegation is merely
that it was the habit or custom for lawyers so to do down
at Laurel. If there was any right of action under such
allegation, it would be against the lawyer, and not against
his client. But which contention at best could only be up-
held when made in a timely manner. If the complainant
had appeared at the then term of court, and shown that
the decree was taken without his knowledge, and to his
surprise, then the court having full control of the matter,
would have set aside the decree. But this application to
set aside a final decree, made years afterwards in an in-
dependent suit, upon the sole ground that the decree was
taken without the knowledge of the defendant or his law-
yers, could not avail. Yet they must have known that the
matter was pending, and they ought at least to have
known when the decree was entered, and have made their
application promptly to set the same aside. To have
abandoned a bad case to its fate, and then complain of
their own neglect, does not present a case worthy of re-
lief.

REED, J., delivered the opinion of the court.

A careful consideration of this case has led us to the
conclusion that the chancellor did not err in sustaining the
demurrer and dissolving the injunction. Appellant, how-
ever, contends that the chancellor erred in dismissing the
bill of complaint in the decree sustaining the demurrer
and dissolving the injunction.

Section 621 of the Code of 1906 is as follows: "When,
on motion, an injunction shall be wholly dissolved, the
bill of complaint shall be dismissed of course with costs,
unless sufficient cause be shown against its dismission at
the next succeeding term of the court." The hearing of
the demurrer and motion to dissolve was before the chan-
cellor in vacation. His decree and the record in this case

show that the cause was quite fully considered. The decision upon the demurrer practically disposed of the case. The decree shows that appellant asked for, and was by the chancellor granted, an appeal from his decision. A refusal to continue the injunction amounted to a final settlement of the controversy. The statute provides that the dissolution of injunctions, such as in the present case, carries with it, as of course, a dismissal of the bill of complaint. But the complainant by the statute is given until the end of the next term of the court opportunity to show sufficient cause why the dismissal should not be considered final. If complainant, at any time during the next succeeding term of the court, shall make application to the court and show sufficient cause, further proceeding may, by permission of court, be had therein. *Bass* v. *Nelms,* 56 Miss. 502.

Considering the attitude of this case at the time of the rendition of the decree complained of, we do not believe that complainant's rights have been prejudiced by reason of the chancellor's entering in his decree that the bill was dismissed when he sustained the demurrer and dissolved the injunction.

*Affirmed.*