BULLEN, SHERIFF, *et al. v.* SMITH *et al.**

(Division A. Feb. 21, 1927.)

[111. So. 454. No. 25775.]

1. TAXATION. *Damages are limited to ten per cent. on dissolution of injunction against collection of taxes (Hemingway's Code, section 291).*

Under Hemingway's Code, section 291 (Code 1906, section 534), on dissolution of injunction against collection of taxes, damages allowable are limited to ten per cent. of the taxes.

2. TAXATION. *It is error, on dissolving injunction on motion and demurrer to bill, to at once enter judgment on injunction bond (Hemingway's Code, section 381).*

Under Hemingway's Code, section 381 (Code 1906, section 621), it is error, on dissolving injunction on motion and on demurrer to bill, to enter judgment for damages on the injunction bond, when final adjudication as to the taxes sought to be enjoined was carried over by amended bill, filed by leave of court.

---

*Corpus Juris-Cyc. References: Taxation, 37Cyc, p. 1278, n. 1.

APPEAL from chancery court of Tishomingo county. HON. ALLEN Cox, Chancellor.

Injunction suit by R. L. Smith and others against Omer J. Bullen, Sheriff, and others. From the judgment, defendants appeal, and complainants bring cross-appeal. Affirmed on direct appeal, and reversed and remanded on cross-appeal.

*T. A. Clark, J. C. Jourdan, E. R. Ligon,* and *Ely B. Mitchell,* for appellant.

Since there were no objections made to the tax levy and no appeals taken to the circuit court from the order

of the board of supervisors, those who are now objecting to this tax levy have allowed their day in court to pass; and their remedy is now concluded by the approval of said tax levy by the board of supervisors. *Gorman Mfg. Co.* v. *State Tax Commission of N. Y.,* 69 L. Ed. 279; *Farncomb* v. *Denver,* 252 U. S. 7, 64 L. Ed. 425; *Milheim* v. *Moffit Tunell Impr. Dist.,* 67 L. Ed. 1194; *McGregor* v. *Hogan,* —— L. Ed., 784.

"All persons who fail to file objection shall be concluded by the approval by the board of supervisors." *Investment Co.* v. *Sedduth,* 70 Miss. 416; *North* v. *Culpepper,* 97 Miss. 730; *Yazoo Delta Land Co.* v. *Eastland,* 101 Miss. 553; *Jennings* v. *Board of Sup'rs,* 79 Miss. 523; *Conn Bros.* v. *Warren County,* 98 Miss. 879.

"If a taxpayer fails to appeal, he will not be relieved in equity." *Anderson* v. *Ingersol,* 62 Miss. 733; *Investment Co.* v. *Sedduth,* 70 Miss. 416; *Wilkinson County* v. *Tilley,* 122 Miss. 515.

The appellant contends that if this assessment levied on the lands of the district for the year 1924 was excessive, then sections 290 and 291, Hemingway's Code, are not applicable. The chancery court had no jurisdiction to try this case for the tax was an excessive assessment.

Section 1831 concerning jurisdiction of chancery courts of suits to restrain the collection of tax levied or attempting to be collected without authority of law does not entitle one who complains of an excessive assessment to exhibit a bill in chancery, such excess assessment being redeemable by application to the board of supervisors. *Board of Sup'rs of Noxubee County* v. *Ames,* 3 So. 37; *Anderson* v. *Ingersol,* 32 Miss. 73; *Portwood* v. *Bassett,* 64 Miss. 213; *Pervis* v. *Robinson,* 110 Miss. 64.

Therefore, it necessarily follows that if the appellees by their pleadings aver that the tax levy of 1924 was excessive, their whole remedy was by filing objections to the assessment before the board of supervisors and take an appeal to the circuit court as provided by sec-

tion 61, Hemingway's Code. Sections 290 and 291 are not applicable. It necessarily follows that the chancery court had no jurisdiction to restrain the collection of this tax because the same was not without authority of law.

The court held that for all this expense and damage including attorney's fee, for it was necessary for them to employ counsel and pay for it,. they would receive the sum of seventy-one dollars and fifty-two cents. For rule of estimation of damages, see Griffith's Miss. Ch. Pr., section 464, pages 490-91.

*H. M. Rhine* and *Cunningham & Berry,* for appellees.

The question is whether or not the chancellor erred in fixing the amount of appellant's damages, as made and provided by section 291, Hemingway's Code of 1917, or whether or not he should have ignored this arbitrary and mandatory statute in fixing damages in this class of cases and gone forward and fixed damages to suit his own views of what was proper and right from the evidence. A comparison with section 383 gives considerable assistance in understanding what is meant by the provisions of section 291.

It has not come to our attention whether section 291 has ever been directly construed by this court, but section 383, Hemingway's Code, has been frequently construed. *Steadman* v. *Butler,* 49 So. 614 and 615; *Cortney Bros.* v. *John Deer Plow Co.,* 84 So. 185.

An analysis of the above authorities clearly and convincingly establishes this one proposition: When the legislature attempts to fix the matters and things which can be adjudged against the complainants in error, on dissolution of an injunction, the court must render its decree within the limits prescribed by the legislature. The chancellor so construed the law.

McGOWEN, J., delivered the opinion of the court.

This case arose by a bill in chancery seeking to enjoin the collection of certain taxes, assessed by the board of supervisors of Tishomingo county and the drainage commissioners of Yellow Creek drainage district, in Tishomingo and Alcorn counties.

The main point of the bill was that the sheriff was undertaking to collect ninety-three and six tenths cents per acre, an overcharge of nineteen and eight tenths cents over the lawful charge of seventy-four cents per acre, and the bill sought to restrain the sheriff from collecting this nineteen and eight tenths cents per acre. The bill further charged that the commissioners of the drainage district had not made a report and the books had not been audited, and also, apparently, sought an accounting from the commissioners of the drainage district.

The chancellor granted the issuance of the writ of injunction, same was served on defendants, and they appeared and demurred to the bill, which demurrer was by the court sustained, and at the same time the cause was heard on the motion to dissolve the injunction,—heard in vacation, and five hundred eighty dollars damages were claimed for the unlawful suing out of the injunction.

In the order dissolving the temporary injunction, leave was granted complainants to file amendments to the original bill and continuing the hearing as to damages on the dissolution of the injunction.

An amended bill was filed, and defendants interposed a demurrer to the amended bill, which demurrer was sustained and complainants granted thirty days in which to again amend their bill, and the record recites that, on that date the hearing on the damage issue on the amended bill was on file, and on December 10, 1925, the court entered a decree reciting that the order had been entered theretofore dissolving the injunction upon the motion and demurrer. In vacation, the court entered a judgment declining to allow other damages than ten per cent.,

as set forth in section 291, Hemingway's Code (section 534, Code of 1906), and then the court proceeded to enter a judgment, final against the sureties on the injunction bond and their principals, for the total amount of taxes due by all the complainants, which was seven hundred fifteen dollars and twenty-five cents and the costs of the suit.

Both complainants and defendants prosecuted appeals here, the defendants, the sheriff, and others prosecuting a direct appeal, and the complainants, R. L. Smith & Co., prosecuting a cross-appeal.

The defendants, on the cross-appeal, only assigned the error here that the court erred in limiting the damages allowed them for the dissolution of the injunction to ten per cent., and contend here that they are entitled to all actual damages which the proof shows they sustained by virtue of the wrongful suing out of the injunction.

This being a proceeding on an injunction against the collection of taxes levied by the board of supervisors in pursuance of the recommendation of the drainage commissioners, such proceeding, under section 291, Hemingway (section 534, Code of 1906), and the mandate of the statute, is made plain and positive in this language:

"Upon a dissolution of any such injunction the chancellor or court ordering it dissolved shall enter a decree against the person suing out the same and the sureties on his injunction bond, for the amount of the taxes so enjoined *and ten per centum thereon,* and all costs of suit; and such decree shall be enforced by execution for the use of the state or county, or both, of the city, town or village, as the case may require." (Italics ours.)

The chancellor applied this rule allowing the ten per cent. damages and declined to allow attorney's fees, etc.

Under this clear provision of the statute, the chancellor was correct in declining to allow other than ten per cent. damages, and, upon that question, the direct appeal is affirmed.

Upon the cross-appeal, cross-appellant does not complain of the action of the court in dissolving the injunction, or, applying section 291, Hemingway's Code, in the allowance of damages, but assigns as error the entry of the final judgment against cross-appellant for the sum of seven hundred fifteen dollars and twenty-five cents.

From the record, it is apparent that, at the date of entry of the judgment final for taxes against principals and sureties on their bond, there was an amended bill on file pending and undisposed of, and it was error for the court below to enter judgment final on the injunction bond as to taxes due until the coming on of the final hearing and entry of the final decree.

Section 381, Hemingway's Code (section 621, Code 1906), is as follows:

"When, on motion, an injunction shall be wholly dissolved, the bill of complaint shall be dismissed of course with costs, unless sufficient cause be shown against its dismission at the next succeeding term of the court."

An order dissolving an injunction, on motion for that purpose does not, of itself, dismiss the bill. *Pickle* v. *Holland,* 24 Miss. 566. On mere motion to dissolve, on bill and answer it is error, in sustaining the motion, to dismiss the bill at once. *Drane* v. *Winter,* 41 Miss. 517; *Guion* v. *Pickett,* 42 Miss. 77; *Maury* v. *Smith,* 46 Miss. 81; *Bass* v. *Nelms,* 56 Miss. 502; *Derdeyn* v. *Donovan,* 81 Miss., 696, 33 So. 652; *Evans* v. *Money,* 104 Miss. 264, 61 So. 309; *Staple Cotton Co-Op. Ass'n* v. *Borodofsky,* 139 Miss. 368, 104 So. 91.

It would appear that complainant in the court below had about gotten to the end of his tether, but we do not know what the amended bill contains, or whether or not, as amended, it would state a cause of action.

We regret to reverse this cause for the reason that the judgment on the merits was prematurely entered upon entering the decree dissolving the injunction, when the amended bill filed, by leave of the court, carried over the final adjudication as to taxes to the final decree, at which

time, if complainant shall not maintain its bill, the defendants will be entitled to a decree for the amount of the sum total of complainants' taxes against the principals, the complainants, and the sureties on their bond.

For the error in prematurely entering final judgment, while the bill was still pending without being dismissed on cross-appeal, this cause will be reversed.

Affirmed on direct appeal, and reversed and remanded on cross-appeal.

*Affirmed.*
*Reversed and Remanded.*