61　449
71　586

ROBERT WILSON *v*. N. T. PUGH, ADM'R.

1. APPEAL. *From a decree under § 1919, Code* 1880. *How taken.*
   A decree dissolving an injunction and awarding damages under § 1919 of the Code of 1880, is an interlocutory decree, and an appeal therefrom must be taken in the time and manner provided by § 2311 of the Code of 1880.

2. SAME. *Refusal of Chancellor to grant.*
   If the Chancellor should refuse the appeal or supersedeas, application can be made to the judges of the supreme court severally under § 1404 of the code.

APPEAL from the Chancery Court of Yazoo County.

HON. E. G. PEYTON, Chancellor.

On motion to dismiss the appeal.

*L. Brame,* for the motion.

1. The decree appealed from is not final. The case is still pending in the chancery court. The injunction may be reinstated. Code 1880, § 1917. It does not change the case that damages were allowed on dissolution of the injunction. That is merely an *incidental* matter, like the allowance of costs against either party in the progress of a case. Suppose a cause is continued or an amendment is allowed, and as a condition the party securing the continuance or making the amendment is taxed with all costs, will it be contended that an appeal would lie from the order? Yet such an order or judgment would be final and the clerk would issue execution for the costs. No matter what the appellant may say about the allowance of damages as an incident to the decree, this is nothing more nor less than an appeal from a decree dissolving an in-

29

junction, and this court has no jurisdiction to entertain it, because not taken within ten days, as required by § 2311 of the code. Appeals are purely statutory. The statute giving the right to have a decision reviewed here in advance of a final and conclusive determination in the court below is enabling, and the right does not exist in any case outside of the very terms of the statute. This principle is so familiar, and has been decided by so many courts and under such a variety of circumstances, that citation of authority is considered unnecessary. We assert that the rule is absolutely without exception.

2. Again, an appeal of this kind must be granted by the Chancellor. The statute does not authorize the clerk to grant it. If he should be allowed to do so the business of the chancery court might be seriously interfered with ; for when a case is properly here it cannot be proceeded with in the court below. And the converse of this is true : whenever a case is properly pending in the court below and may be proceeded with there, *it cannot be here.*

*J. C. Prewett*, on the same side.

The first and the only question to determine is this: Is the order dissolving the injunction in this cause a final decree, or is it in its nature an interlocutory decree or order? If the former, the motion to dismiss cannot be sustained. If the latter, it must be sustained. Section 2682 of the Code of 1880 provides that "Appeals shall be taken within two years next after the judgment or decree complained of, and not after; saving," etc. This manifestly applies to final decrees. Section 2311 applies, if any, to the case in hand, and the appeal was doubtless intended to be taken under its provisions. The order dissolving the injunction was made on the 2d day of April, 1883, and the petition for the appeal and the bond were filed on the 21st day of April, 1883, so that more than ten days elapsed after the order of dissolution and before the appeal was taken. The case under consideration is very similar to the case of *Pickle* v. *Holland*, 24 Miss. 566. See *Wiggle* v. *Owen*, 43 Miss. 158. The idea of appellant's counsel seems to be that because there was an award of damages, that of itself makes the order a final one. The language of the section of the code regula-

ting appeals from interlocutory orders negatives this theory, for the section speaks of orders "*whereby money is required*"—evidently having reference to such cases as this. See also Daniell's Chancery Practice (Cooper's edition) chap. 26, 986 *et seq.*

*R. Bowman*, for the appellant, filed no brief on the motion.

CAMPBELL, C. J., delivered the opinion of the court.

This is an appeal from a decree of the Chancellor made on dissolving an injunction by which one hundred dollars were allowed as damages under § 1919 of the Code of 1880. The decree was made on the 2d of April, and on the 21st of April the appellant petitioned the clerk of the court in which the suit was pending for an appeal from the decree requiring him to pay the hundred dollars. A motion is now made to dismiss the appeal because it was not applied for in ten days after the decree, and was not granted by the Chancellor as provided by § 2311 of the code. The decree is interlocutory, and the right of appeal is governed by the section last cited. The fact that by the decree money is required to be paid and that an execution for it may be issued does not alter the case. The damages awarded are a consequence of the dissolution of the injunction, and the correctness of an award of damages depends on the rightfulness of the decree dissolving the injunction, and the party aggrieved desiring to appeal from the interlocutory order or decree and to supersede it must avail of § 2311 of the code, and if the Chancellor should refuse the appeal or supersedeas, application can be made to the judges of the supreme court severally under § 1404 of the code.

*Motion sustained.*