MARY DAY STRONG ET AL. *v.* SIM. HARRISON, SHERIFF, ET AL.

1. CHANCERY PRACTICE. *Dissolution of injunction.   Dismissal of bill.*
   It is error for a chancery court to dismiss a bill upon a motion to dissolve the injunction in the case, whether the injunction be wholly or partially dissolved.   Code 1880, § 1917; *Maury* v. *Smith,* 46 Miss. 81.

2. SAME. *Motion to dissolve injunction.   Notice, when not required.*
   Where, upon an appeal from a decree on a motion to dissolve an injunction, the motion does not appear in the record, nor any notice thereof to the complainant, but it does appear that the defendants' answer was filed more than five days before the hearing on the motion, this court, being unable to say that the motion was not on the docket for five days before the hearing, cannot hold that the complainant was entitled to notice of the motion.   Code 1880, § 1914.

3. SAME. *Dissolution of injunction.   Attorney's fees.   Evidence.*
   Upon an appeal from a decree dissolving an injunction and allowing the defendant an attorney's fee, this court will presume, if there be no evidence in the record as to such fee, that it was based upon oral testimony.

APPEAL from the Chancery Court of Yazoo County.

HON. E. G. PEYTON, Chancellor.

The bill in this case was filed on the 3d day of March, 1884, by Mary Day Strong and others against Sim. Harrison, sheriff, and others.   The prayer of the bill was for an injunction prohibiting Harrison, as sheriff, to sell under executions held by him certain lands described in the bill, for an account to ascertain the amounts due on the executions, and for general relief.   The Chancellor granted a temporary injunction.

On the 15th day of March, two of the defendants filed a joint answer to the bill.   Upon a motion made by the defendants to dissolve the injunction, affidavits were read and much testimony heard in open court and reduced to writing, and the Chancellor rendered a decree dissolving the injunction as to a part *only* of the land, awarding the defendants seventy-five dollars for their attorney's fee and dismissing the bill.   The record shows no evidence relating to the attorney's fee, and neither the motion nor any notice thereof to the complainants is contained in the record.

From the decree on the motion to dissolve the injunction the complainants appealed to this court.

---

---

*J. C. Prewett & H. H. Parker,* for the appellants.

Without considering other questions in this case and without reference to the question of complainants' right to relief on the partial evidence that was submitted, it seems to be sufficient to suggest that it was erroneous to dismiss this bill.   Code of 1880, § 1917; *Maury* v. *Smith,* 46 Miss. 81.

This motion was heard only a few days after the answer of only two of the defendants had been filed, and without any answer or proceeding as to the other parties, and without any notice of the motion or the application to dissolve the injunction.   It is not pretended in the answer that the injunction should be dissolved except as to a part of the land, yet the bill was dismissed, which *ipso facto* dissolved the injunction entirely.   *Kimball* v. *Alcorn,* 45 Miss. 149.

There is no evidence whatever to sustain the decree on the question of damages.

*H. H. Parker* also made an oral argument.

*Bowman & Barnett,* for the appellees, filed a brief discussing at length the evidence adduced in support of the motion to dissolve the injunction.

COOPER, J., delivered the opinion of the court.

It was error to dismiss the bill on the motion to dissolve the injunction.   *Maury* v. *Smith,* 46 Miss. 81.

The motion to dissolve was heard in term time more than five days after the answer had been filed, and as the motion does not appear in the record we are unable to say that it had not been on the docket three days preceding the hearing—in such cases no notice is necessary.   Code of 1880, § 1914.

The objection of appellants that there was no evidence introduced authorizing the claim for attorney's fees is not well taken. The testimony may have been oral, and in support of the decree we must assume that it was.

*The decree, in so far as it dissolves the injunction and awards payment of the attorney's fee, is affirmed, and in so far as it dismisses the bill is reversed.*