CANADIAN & AMERICAN MORTGAGE & TRUST CO., LIMITED, *v.* A. F. FITZPATRICK ET AL.

1. INJUNCTION. *Dismissal of bill. Damages.*

Under § 573, code 1892, the defendant in an injunction may file, with his answer or motion to dissolve, a suggestion of damages, and recover the damages in that suit if the injunction is dissolved. The complainant cannot prevent this by dismissing his bill, thereby compelling defendant to sue at law on the bond.

2. SAME. *Re-instating case. Decree for damages.*

When, after the filing of such suggestion of damages, the complainant, without consent of the defendant, dismisses his bill in vacation, on motion of defendant, the case will be re-instated, to the end that the damages may be decreed.

FROM the chancery court of Coahoma county.

IION. W. R. TRIGG, Chancellor.

On January 17, 1891, appellees executed to Caldwell & Judah a trust-deed on a plantation, to secure an indebtedness of $3,500, evidenced by notes payable in installments. It was stipulated in the deed that, if any of the notes were not paid at maturity, the holder could declare the entire indebtedness due, and the trustee was authorized to sell the land for satisfaction of the same. The notes were assigned to the Canadian & American Mortgage & Trust Co., limited; two of them not being paid at maturity, the entire indebtedness was declared due, and the trustee advertised the land for sale. On January 30, 1893, said grantors enjoined the sale, alleging that the two notes had been paid. Defendants answered the

bill, and, with their answer, filed a suggestion of damages for the wrongful suing out of the injunction, as follows: Attorney's fees, $250; expenses of advertising, etc., $25; five per cent. on the debt, $175. Total, $450. A motion was made to dissolve the injunction, which was set for hearing in vacation, March 10, 1893. On application of complainants, the hearing of the motion was postponed to April 14, 1893. On that day, because of the chancellor's illness, the hearing was passed until the next day, April 15, when a telegram was received from the clerk of the court stating that the bill had been dismissed by complainants. Thereupon, the chancellor declined to further entertain the motion to dissolve. The costs were paid April 14, and the case marked dismissed by the clerk.

On April 26, 1893, the defendants filed a motion to re-instate the cause, and asked a decree for damages against complainants and the sureties on their injunction bond. On this motion, process for complainants was issued returnable to the May term of the court, when, by consent, the motion was taken under advisement for decision in vacation. On September 27, 1893, the chancellor entered a decree overruling the motion and reciting that the defendants were remanded to their remedy by suit at law on the injunction bond. From this decree defendants appeal.

*Thomas & Griffin*, for appellants.

This appeal is prosecuted to ascertain how far the court will sanction such legal gymnastics as the record develops. Under § 573, code 1892, appellants' suggestion of damages should have been considered. They were wrongfully forced into court, and their claim for damages was in the nature of a cross action, in which they were entitled to reparation without the expense and delay incident to a suit at law upon the bond. *Railroad Co.* v. *Rolling Mills*, 109 U. S., 702; *Insurance Co.* v. *Roberts*, 4 Sandford (N. Y.), 634; *Phillips* v. *Wormley*, 58 Miss., 398; *Burns* v. *Dryfus*, 69 *Ib.*, 211.

*D. A. Scott* for appellees.

The complainants had a perfect right, on paying all cost, to dismiss their suit. Code 1892, § 741. While this section appears in the chapter on circuit courts, it is equally applicable to chancery courts, by reason of § 629 of the code. There is no provision of law, so far as I have been able to ascertain, authorizing a court to retain a case, after it has been dismissed, for the purpose of assessing damages in favor of the defendant. The section to this effect in the chapter on attachment is expressly limited to attachment cases, and, as I understand, prior to the adoption of that statute, the plaintiff in attachment could dismiss his suit, and the defendant was remitted to his remedy by action at law on the attachment bond.

Woods, J., delivered the opinion of the court.

We are of opinion that the motion to re-instate the case, made at the May term, 1893, of Coahoma chancery court, should have been sustained, and the appellant permitted to pursue its rights which had accrued in the progress of the cause and by the dismissal of their bill by the appellees. The equity of the bill is found in its averment that the two notes, due January 1, 1892, and January 1, 1893, respectively, had been paid. This, as we are informed by the record before us, had been met and answered by denial, as we are authorized to assume, and this answer was accompanied or followed by a motion by appellant to dissolve the injunction granted appellees in their bill, and affidavits were likewise filed in support of the motion to dissolve. The written suggestion of damages sustained by appellants was also filed. The hearing of the motion to dissolve, and, of course, the suggestion of damages, was postponed by appellees for more than a month, and, finally, when the chancellor was ready to proceed to hear the motion and suggestion, he was notified that the appellees had dismissed their bill the day before that appointed for the hearing.

The dismissal of the bill operated to dissolve the injunc-

tion, and certainly entitled the appellant to some damages. Presumptively, it was an admission of the want of equity in their bill, and that the answer of appellant was true, and, in this case, the damages suggested would seem recoverable. But if, on hearing, this presumption should have been shown to be unfounded, and that the two notes referred to had been in fact paid, as alleged in the bill, still, on dissolution of the injunction, even by the voluntary act of appellees, appellant was entitled to some damages, as for advertising, attorney's fees, etc.; and this right, which had arisen to appellant in the course of the proceedings, it should have been permitted to have established in that suit, and not have been subjected to the delay and expense incident to a resort to suit on the injunction bond in a law court.

The general rule is, indisputably, that a litigant may dismiss his complaint; the exception is, that he may not after decree or decretal order, nor after his adversary is entitled to a decree by proceedings in the particular suit. "The plaintiff is allowed to dismiss his bill on the assumption that it leaves the defendant in the same position in which he would have stood if the suit had not been instituted; but that is not so where there has been a proceeding in the cause which has given the defendant a right against the plaintiff." *Cooper* v. *Lewis*, 22 Eng. Ch. Rep., 177; *Insurance Co.* v. *Roberts*, 4 Sand. Ch. Rep., 634; *Bank* v. *Rose*, 1 Rich. Eq., 294; 1 Daniel's Ch. Pl. & Pr., 790.

*Reversed and remanded.*