Boyd et al. *v.* Applewhite et al.

[85 South. 87, In Banc. No. 20630.]

1. Appeal and Error. *Credit for part of judgment collected against appellant pending appeal must be allowed in court below on remand.*

   Where a judgment appealed from without *supersedeas* is collected in part by execution pending the appeal, the appellant, who was the defendant in the court below, is not entitled to a credit in the supreme court on the affirmance of the judgment of the court below for the money collected from him on the execution, but the credit for which he may be thereby entitled must be allowed in the court below when the judgment is remanded to it for execution.

2. Costs. *Damages on appeal when decree appealed from is affirmed in part and reversed in part.*

   Where a decree in favor of several complaints is not *in solido*, but awards to each of the complainants separately the amount found to be due him, is reversed on appeal, and a decree is entered in the supreme court for each of the appellees in ac-

cordance with that rendered in the court below, except as
to two of them the cause is dismissed, the appellees in whose
favor the decree is entered by the supreme court are entitled
to the five per cent. damages imposed by section 4926, Code
1906 (Hemingway's Code, section 3202) on the affirmance of
the judgment or decree appealed from.

3. Costs. *Damages on affirmance of judgment which was collected
   in part by execution pending the appeal.*
   On the affirmance of a judgment in favor of the plaintiff he is
   entitled, under section 4926, Code of 1906 (Hemingway's Code,
   section 3202), to five per cent. damages on the amount thereof,
   although part of the judgment had been collected by execution
   issued pending the appeal; the damages being allowed as a
   penalty for appealing from a proper judgment.

4. Costs. *Taxation of costs on affirmance in part and reversal in
   part.*
   Where a decree containing separate judgments in favor of the
   several complainants is affirmed as to some of them and re-
   versed as to others, the appellees whose judgments are affirmed
   should not be taxed with any of the costs incurred on the
   appeal, but the appellees whose judgments are reversed should
   be taxed with a proportinate part of the costs incurred both
   in the supreme court and in the court below.

Appeal from chancery court of Attala county.

Hon. A. Y. Woodward, Chancellor.

On motion to correct judgment. Motion overruled in
part and sustained in part.

For former opinion, see 84 So. 16.

The motion reads as follows:

Comes the appellants, J. Niles Boyd, A. M. Stoner, J.
A. Niles, J. A. Russell, Eugene Cole, V. A. Coulson, J.
S. Niles, sureties in his appeal bond, and J. N. Alexander,
J. M. Knotts, Mrs. Clara Lowenberg, administratrix of
the estate of Gus Lowenberg, deceased, and severally
moves the court to correct the decree entered in this
court during this term on the 22d day of March, 1920, and
for grounds assign as follows:

(1) For a credit by way of satisfaction *pro tanto* of
the decree rendered in this court, thirteen thousand seven-

hundred sixty-five dollars and eighty-two cents, as of February 6, 1919, on the principal, for these reasons: The decree of the chancery court was rendered November 19, 1918 (R. vol. 4, 156). Appellants, J. N. Alexander (V. 4, p. 167), N. M. Falk (V. 4, p. 166), J. M. Knotts (V. 4, p. 168), and Mrs. Clara Lowenberg, administratrix (V.4,p. 159), appealed to this court without *supersedeas,* and execution was thereupon issued (see R. No. 21311, styled Mrs. Clara Lowenberg, Adm'x, v. Carrie S. Applewhite et al., p. 8) *in solido,* in favor of all the complaints jointly, for the sum of thirty-seven thousand one hundred seventy-one dollars and fiftyfive cents, and costs, *in solido,* against Mrs. Lowenberg, adm'x, Alexander, Falk and Knotts and Boyd (but suspended as to Boyd, because he had given *supersedeas* bond, Id. p. 8), and said execution was levied on the real and personal property of Alexander (Id. pp. 13, 15), and the real property of Falk (Id. p. 15), and of Lowenberg (Id. p. 13), and at the sale under said execution said property of Alexander brought (Id. p. 16) six thousand five-hundred dollars, that of Lowenberg, seven thousand five-hundred dollars, that of Falk three hundred fifty dollars, aggregating fourteen thousand three hundred and fifty dollars, of which five hundred eightyfour dollars and eighteen cents, was paid by the sheriff on the costs in the chancery court (Id. p. 16), and the balance of thirteen thousand seven hundred sixty-five dollars and eighty-two cents, was paid over on February 6, 1919, (Id. p. 17), by the sheriff to appellees' solicitors, *in solido,* on said decree.

(2) That the five per cent. damages shall be disallowed, in that:

(A) The decree of the chancery court appealed from was not affirmed, but was reversed, in that all of the complainants, jointly, by the final decree of said chancery court, recover all of their costs (*Boyd* v. *Applewhite,* V. 4, p. 155), and sued out thereon a joint execution thereof

*in solido* (*R. Lowenberg* v. *Applewhite,* pp. 8, 10, 11, 12, 16), and satisfaction for said costs, accured to that time in the chancery court, had.

(B) Five per cent. damages on appeals are allowable under section 3202, Hemingway's Code, providing, "In case the judgment or decree of the court below be affirm-. ed, or the appellant fail to prosecute his appeal to effect" against appellants, under bond without *supersedeas* under section 25, Hemingway's Code, "conditioned for the payment of all costs of appeal in case the judgment of decree be affirmed as to such appellant," and against appellant Boyd under bond, with *supersedeas,* under section 26, Hemingway's Code, "conditioned that the appellant will satisfy the judgment or decree complained of, and also such final judgment as may be made in the cause, and all costs, if the same be affirmed." That the said decree appealed from was not affirmed, but reversed:

(a) As to costs.

(b) As to the recovery in favor of Mrs. Burgess, adminis- tratrix, and W. T. Witherington, trustee.

(c) The decree rendered in this court was not the decree of the chancery court appealed from, but this court, in- stead of reversing and remanding for proper decree in the chancery court, proceeded to exercise such jurisdiction as the chancery court should have exercised, and rendered the decree which the chancery court should have rendered, and thereby a new and different decree was rendered in the supreme court, and the decree of the chancery court was not affirmed, and appellants did not fail to prosecute their appeal to effect.

(3) If all the five per cent. damages shall not be disallowed, then at least the damages should be computed on the amount of the decree in this court after applying the credit of thirteen thousand seven hundred sixty-five dollars and eighty-two cents, realized, pending the appeal

by levy of execution, as shown supra, paragraph 1 of this motion.

(4) The decree in this court should be modified as to costs:

(a) So as to tax appellees with the costs of the appeal instead of with seven-eighths thereof, as the decree of the court below for costs in the chancery court was not affirmed, but was reversed.

(5) The decree entered here should be modified as to the costs in the chancery court, in that, instead of taxing all of said costs in the chancery court against appellants, there should be decreed to be taxed against appellants by the chancery court on the filing of the mandate herein in said court seven-eighths of the costs taxable against said appellants herein, less credit of amount of costs paid *supra* and realized by said execution sale.

It is shown by the record No. 21311, *supra*, page 18 et seq., that there were certain garnishments sued out against the several defendants on the decree, and answers filed therein, and orders of the court made thereon, in which other of the several defendants were not interested, and in which the costs of said garnishments should be taxed against the complainants in said decree, and this proceeding requires the taxation of the costs in the chancery court; that the decree of the chancery court in taxing the costs in the court below should tax one-eighth of the cost below against Mrs. Burgess, adm'x, and W. T. Witherington, trustee, by proper decree in favor of appellants.

(6) The sureties on the appeal bonds of Mrs. Lowenberg, adm'x, Alexander, Falk, and Knotts are not taxed with any part of the costs of the appeal.

A copy of the decree of this court is herewith filed for convenience of reference by the court.

*Green & Green, O. A. Luckett* and *R. H. & J. H. Thompson,* for appellant.

*Teat & Teat* and *Boothe & Pepper,* for appellees.

Smith *C. J.,* delivered the opinion of the court.

The motion, which the reporter will set out in full, together with the statement of the case contained in the opinion handed down when the judgment sought to be corrected was rendered, will set forth the facts sufficient for an understanding of the questions here determined.

The grounds of the motion will be disposed of *seriatim.*

1. The decree rendered here is that which should have been rendered in, and is for all practical purposes the decree of, the court below, and must be enforced by it. Consequently any credit which may be due the appellants thereon because of any execution issued during the pendency of the appeal can be taken care of in the court below.

2. The decree appealed from was not in favor of the appellees *in solido,* as hereinbefore stated, but contained separate judgements in favor of each of them for the amount found due him or her as the case may be, and the reversal was only of the judgments in favor of two of them. The practical effect of the judgment here sought to be collected is that all of the judgments on the decree were affirmed, except the two that were reversed. The claims of the various appellees having been separated in the decree as to the amounts recoverable by them, it was not necessary for an appeal to have been taken from the entire decree, but could have been taken from each of the judgments therein rendered.

3. The appellee's right to a judgment for the five per cent. penalty imposed by section 4926, Code of 1906 (Hemingway's Code, section 3202), is not dependent upon whether or not the decree appealed from was stayed

by a *supersedeas* or upon whether or not it was collected, in whole or in part, by execution pending the appeal. "Damages follow affirmance as a penalty for appealing from a proper judgment or decree." *Tigner* v. *McGehee,* 60 Miss. 242.

4. The appellees whose judgments were affirmed should not be taxed with any part of the costs incurred herein, and the taxation heretofore made of one-eighth thereof to the two appellees whose judgments were reversed seems to be an equitable apportionment thereof.

5. This contention is well taken to this extent, that the appellants should be relieved of one-eighth of the costs in the court below, and this one-eighth should be taxed against those appellees whose judgments were reversed.

6. The sureties here referred to appear, from the judgment rendered, to have been included in the taxation of the costs, but if they have not they should be.

The motion will be overruled, except as set forth in the paragraph hereof numbered 5.

Overruled in part and sustained in part.