STAPLE COTTON CO-OP. ASS'N *v.* BORODOFSKY.*

(Division A.    May 18, 1925.)

[104 So. 91.    No. 24803.]

INJUNCTION.    *Proper time of awarding damages on injunction bond, stated.*

When an injunction is dissolved before the termination of the suit, damages may be then awarded on the injunction bond, if the suit be for no other relief than the injunction itself, but, if the injunction is merely ancillary to the relief sought, the award of damages should await the termination of the suit.

*Headnote 1. Injunctions, 32 C. J., section 758.

APPEAL from chancery court of Second District, Bolivar county.

HON. C. L. LOMAX, Chancellor.

Suit by the Staple Cotton Co-operative Association against I. L. Borodofsky. From decree disolving injunction, and awarding attorney's fee, complainant appeals. Reversed in part, and remanded.

*R. C. McBee* and *Cutrer & Smith,* for appellant.

Pursuant to the request of the court, in the above styled appeal, we submit the following authorities as sustaining the following query by the court: "The only question presented for decision by the motion passed on in vacation on which the decree appealed from was rendered, was whether the temporary injunction issued herein should be dissolved, the other questions remaining open for decision when a final decree shall be rendered by which it is within the power of the court to reinstate the injunction and make it perpetual. This being true, should not the award of damages for the wrongful issuance of the injunction await the final disposition of the case?"

The authorities in Mississippi and elsewhere are uniform in holding that notwithstanding the dissolution of the injunction, no right of action accrues on an injunction bond containing the ordinary conditions, or can be maintained until there has been a final determination of the action in which the injunction was issued, or until something occurs equivalent to a final decision.

This is also the rule, although the only relief sought by the bill was an injunction. 32 C. J. 447-448. The rule as announced in the above authority, as stated above, was likewise announced in the following Mississippi cases: *Vicksburg Water Works Co.* v. *Vicksburg,* 99 Miss. 132, 54 So. 852, 33 L. R. A. (N. S.) 844, Ann. Case 1913 D. 917; *Yazoo, etc., R. R. Co.* v. *Adams,* 78 Miss. 977, 30 So. 44; *Yates* v. *Meads,* 69 Miss. 473, 13 So. 695; *Adams* v. *Ball,* 5 So. 109; *Goodbar* v. *Dunn,* 61 Miss. 624; *Penny* v. *Holberg,* 53 Miss. 567.

The distinction between the cases where the cause has been finally tried, and final decree entered, and the bill dismissed, and the case before your honors, is clearly drawn in *Vicksburg Water Works Co. et al.,* v. *Vicksburg, supra,* at pages 144, through 145.

The opinion in the above case was delivered by Mr. Chief Justice Mayes, in which he collated numbers of

139 Miss.—24

Mississippi authorities, and announced the rule to be well settled. We therefore respectfully submit that the appeal herein should be sustained, and the learned lower court be reversed, and this cause remanded, for proceedings on the merits.

*Shands, Elmore & Causey,* for appellee.

In answer to the suggestion of the court asking discussion of the cases of *Derdeyn* v. *Donovan,* 81 Miss. 696, and *Adams* v. *Ball,* 5 So. 109; I beg leave to file the following discussion of the applicability of the cases mentioned to the question as to whether or not the allowance of damages by the chancellor on sustaining a motion to dissolve the preliminary injunction was premature or whether such allowance of damages should be postponed until the final hearing of this cause.

In order to properly solve this question, we should keep in mind section 384, Hemingway's Code, identical with section 573, Code 1892, and section 1919, Code of 1880, except as to the method of taking and presenting proof on the hearing of the motion to dissolve. This section first appears in our law in the Code of 1880. We should also keep in mind section 381, Hemingway's Code. This section is identical with section 570, Code of 1892. The court should also keep in mind paragraph "B," page 227 of the Acts of 1922.

These three statutes were in full force and effect and were the law in the state of Mississippi at the time of the institution of this suit, and at the time of the hearing of the motion to dissolve, and are the only statutes applicable to the case. It would seem that section 1919, Code of 1880, section 570, Code of 1892, and section 384, Hemingway's Code, were designed to prescribe a new and additional remedy, but were not designed to repeal the common-law, right on an injunction bond.

It also appears from section 381, Hemingway's Code, being section 570, Code of 1892, that where the only relief sought by bill of complaint is for an injunction and the

injunction is wholly dissolved that the cause remains a pending suit until the next succeeding term of court, at which time it shall be dismissed, unless the bill be amended or further proof heard, and it is error to dismiss, the object of the statute being to give the complainant an opportunity to amend or take further proof. *Drane* v. *Winter,* 41 Miss. 517; *Guion* v. *Pickett,* 42 Miss. 77; *Maury* v. *Smith,* 46 Miss. 81; *Bass* v. *Melms,* 56 Miss. 502; *Strong* v. *Harrison,* 66 Miss. 61.

It will be noted in the case of *Derdeyn* v. *Donovan,* that upon a motion in vacation the preliminary injunction was dissolved and attorney's fees were allowed, by way of damages, in pursuance of section 573, Code of 1892. On appeal to the supreme court this action of the lower court was affirmed. Thereupon a suggestion of error was sued out, which suggestion of error was overruled. The suggestion of error cited *Adams* v. *Ball,* 5 So. 109, and *Penny* v. *Holberg,* 53 Miss. 567, as authority for the contention that the damages should not be allowed. Justice Whitfield in responding to the suggestion of error and overruling it undertakes to distinguish *Adams* v. *Ball* and *Penny* v. *Holberg,* and does point out differences between them, and the facts in *Derdeyn* v. *Donovan,* but overrules the suggestion of error, thereby adhering to the decision of the court affirming the allowance of damages on the dissolution of the injunction, notwithstanding the fact that under the provisions of section 570, Code of 1892, the suit is still pending, and could not be dismissed until the next succeeding term of court.

It will be noted all of the cases, which hold that damages were prematurely awarded are actions at law under the common law, the leading case, being *Penny* v. *Holberg,* 53 Miss. 567, which was decided prior to the adoption of section 1919, Code of 1880. This case was followed in *Goodbar* v. *Dunn,* 61 Miss. page 624, which was decided by Chief Justice Campbell. This was also an action at law, and it was therein argued that this section 1919, Code of 1880, changed the rule as announced in

*Penny* v. *Holberg,* so that even an action at law could be instituted before the final decree in the injunction suit.

It is inconceivable that at the time the great Chief Justice wrote the opinion in the case of *Goodbar* v. *Dunn,* he did not have in his mind what he had said at that same term of the court in the case of *Wilson* v. *Pugh,* in which case he clearly recognifies the right of the chancellor by interlocutory decree prior to the final dismissal of the case to award damages on dissolution of injunction under section 1919, Code of 1880.

*Curphy Munday* v. *Terrell,* 87 Miss. 282, and the second appeal, 89 Miss. 624, was a suit wherein injunction was issued on the filing of the bill against Terrell and others. On motion of some of the defendants the injunction was dissolved on preliminary hearing, and damages awarded for the wrongful suing out of the injunction on the first appeal, which was an appeal to settle the principles of law. This action was affirmed.

The first report of the case does not make it clear that this appeal was from a decree on a preliminary motion to dissolve, and it is necessary to refer to the decision on the second appeal to get this clearly. This we find at page 624 of 89 Miss. It will be noted that this case was decided after the case of *Derdeyn* v. *Donovan,* 81 Miss. 696.

I cannot state the proposition any more strongly than is stated by Chief Justice Cambell in the case of *Wilson* v. *Pugh,* 61 Miss. 449, by Justice Cooper in the case of *Strong* v. *Harrison,* 66 Miss. 61, and by Chief Justice Whitfield in the case of *Curphy* v. *Terrell,* 89 Miss. 631, all of which cases recognize the practice that the matter of allowing damages is for the wrongful suing out of the injunction, and if other grounds of equitable relief are asked in the same bill, the cause will be retained after the dissolution of the injunction, but this in no wise effects the allowance of damages for the wrongful issuance of an injunction.

There is one case, to-wit, the case of *Vicksburg Water Works Company* v. *Mayor and Board of Aldermen of the*

*City of Vicksburg,* 99 Miss. 132, a very long case in which the opinion is delivered by Chief Justice MAYES. This was also an action at law on the injunction bond, and it is held in that case following the well-established principle in Mississippi that an action at law cannot be maintained on an injunction bond until after final decree. The question directly involved in this discussion was not before the court, but it appears that counsel in that case as well as the court recognized the distinction between an action at law on the bond and a decree for damages on motion to dissolve injunction at an interloctury hearing. I wish to call the court's attention to the statement near the bottom of page 131 in the brief of attorneys for appellant wherein they say: "By that decree the injunction was dissolved but complainant's suit was not dismissed, nor were damages assessed as might have been done under the statute."

SMITH, C. J., delivered the opinion of the court.

The appellant, the complainant in the court below, is a co-operative marketing association organized under the laws of the state of Tennessee, and the appellee, who is engaged in the growing of agricultural products, is a member thereof. The bill of complaint alleges a violation by the appellee of his contract with the appellant, and prays for an accounting, for a decree for what may be ascertained to be due the appellant, requiring the appellee to specifically perform his contract, and for an injunction restraining him from continuing to violate it. The prayer for specific performance and for an injunction is made under the provisions of section 17 (b), chapter 179, Laws of 1922, which provides therefor in controversies between a co-operative marketing association and one of its members.

The appellee filed an answer and crossbill by which he denied having breached his contract with the appellant, alleged facts which he claimed authorized a rescission of the contract, and prayed therefor. This

cross-bill was demurred to, but no decision thereon has yet been made. The appellee then filed a motion to dissolve the injunction and for damages for its wrongful issuance.

This motion was heard in vacation, and a decree was rendered thereon dissolving the injunction and awarding the appellee a decree for an attorney's fee of two hundred and fifty dollars. An appeal from this interlocutory decree was granted and perfected under section 35, Code of 1906 (section 10, Hemingway's Code).

The assignment of error complains only of the allowance by the court below of the two hundred and fifty dollars attorney's fee, and presents no questions for decision by which the principles of the case can be settled for the guidance of the court below when it is remanded thereto, and the appellee suggests that for that reason the appeal should be dismissed. An appeal under this statute need not necessarily be one that will settle the principles of the case, but may be "from an interlocutory order or decree whereby money is required to be paid," and such is one of the requirements of the decree here.

The injunction here in question is not the sole or principal relief sought by the appellee, but is merely ancillary thereto, and may, of course, be reinstated on the trial of the cause on its merits if it should then appear that the appellee is entitled thereto.

The jurisdiction of a chancery court to award damages on an injunction bond is conferred by section 624, Code of 1906 (section 384, Hemingway's Code), under which this court held, in *Adams* v. *Ball*, 5 So. 109, the award of damages for the dissolution of an injunction that is merely ancillary to the relief sought by the complainant must await the final termination of the case, as has always been the rule in actions at law on the injunction bond. It is true that, where the injunction is the sole relief sought, damages therefor may be rendered on the dissolution thereof, though the bill of complaint cannot be finally dismissed under section 621, Code of 1906 (section 381,

Hemingway's Code), until the next term of court. The distinction between the two kinds of an injunction, in so far as the award of damages for the dissolution thereof is concerned, is pointed out in *Derdeyn* v. *Donovan,* 81 Miss. 696, 33 So. 652, and the reasons for awarding damages on the dissolution of the one prior to the final termination of the suit, but not on the dissolution of the other, were set forth. *Wilson* v. *Pugh,* 61 Miss. 449; *Strong* v. *Harrison,* 62 Miss. 61; *Curphy* v. *Terrell,* 89 Miss. 631, 42 So. 235—relied on by the appellee, are not here in point. The question decided in the first of these cases was simply that the appeal should be dismissed because not perfected within the time required by the statute. The injunction dissolved in each of the two other cases was the sole relief prayed for therein, and, moreover, in neither of them was the question here under consideration raised.

In so far as the decree of the court below awards damages on the injunction bond, it will be reversed, and the cause remanded.

*Reversed in part, and remanded.*