ILLINOIS CENTRAL RAILROAD COMPANY *v.* GEORGE

No. 41839          May 15, 1961          130 So. 2d 260

*E. C. Ward, Laub, Adams, Forman & Truly,* Natchez, for appellant.

*Gwin & Kuehnle,* Natchez, for appellee.

McGEHEE, C. J.

The appellee French George owns a tract of land of approximately 85 acres in Adams County, Mississippi, which he used as a cattle farm and for growing hay. He purchased the land on April 22, 1949, from George R. Hightower and wife. From and after his purchase he was having an ''erosion problem'' and in July of that year he constructed a flume to correct this situation, that is to say, a ditch or gorge through which a stream of water was to flow to prevent his land from eroding into Hoggatt's creek.

Because the railroad between Fayette, Mississippi, and Natchez, Mississippi, does not run exactly north and south or exactly east and west in the locality of the appellee's tract of land, it was agreed upon the trial of the

case that the direction that is northwest would be referred to by the witnesses as west and also as north. The testimony is very confusing for that reason, since one witness would indicate the right direction and another the wrong one as to what he meant to say, but, as we understand it, Hoggatt's Creek runs in a northwesterly and a southeasterly direction on the opposite side of the appellee's tract of land from the railroad.

The important fact is that about the year 1951 Mr. G. M. Cherry owned a tract of land on what is sometimes referred to as the north side of the railroad right of way and tracks and northerly from the land owned by the appellee. The Cherry land drains toward the railroad tracks and lies between U. S. Highway 61 and the right of way of the appellant Railroad Company. In the corner of the said tract of land nearest the appellee's tract the water from the Cherry land drained into a low place or pond, and during that year Cherry "erased" his pond. This pond extended over onto the railroad right of way. After the pond was filled up by Cherry, it is contended by the appellee that the Railroad Company dug ditches along its right of way beginning near the pond down and along its right of way and which carried the surface water under a railroad trestle and from thence on down the railroad right of way to where it ran upon the land of the appellee and on into Hoggatt's Creek.

The proof on behalf of the appellee tends to further show that the ditches which extended from near the pond in a southwesterly direction toward the land of the appellee were made wider by the Railroad Company and were caused to carry along the right of way about three times as much water as had theretofore come down the railroad right of way from near the former location of the pond, toward and upon the appellee's land.

According to the testimony of the appellee this condition rendered the value of his tract of land to be about

$1,200 less than its value was before these ditches were dug along the right of way.

The proof on behalf of the appellee also showed that it became necessary for him to construct a second flume on his land to take care of the excess water which came to his land from the right of way of the Railroad Company.

The decree of the chancery court awarded the appellee damages of $1,200 for the difference in the value of his land before the ditches were dug and its after value and also the cost of one of the flumes in the sum of $527.25, or a total decree for damages of $1,727.25. The decree also perpetually enjoined the appellant Railroad Company "from leading or permitting to flow in a easterly direction along its right of way any surface water entering or falling upon said right of way at any point westerly of the easterly extremities of the natural watersheds lying westerly of the ridge near the easterly line of the land of G. M. Cherry and wife abutting said right of way on the north and particularly described in Deed Book 6C, page 42" (meaning the deed from Hightower and wife to the appellee) in the deed records of Adams County, Mississippi.

From the decree awarding the damages and the perpetual injunction the Railroad Company has prosecuted this appeal.

■■ Upon the conflicting testimony given by numerous witnesses as to the source of damages and as to the cause thereof we are unable to say that the chancellor was manifestly wrong, ■■ and we hold that as to the damages the decree should be affirmed with interest from October 12, 1959, the date of the decree of the trial court, but that the 5 percent damages thereon provided for by Section 1971, Code of 1942, should not be allowed. ■■ The cause should be reversed and remanded as to the award of the perpetual injunction in order that the same may be made more specific as to what the appellant is

required to do or not to do under the injunction. It would be difficult for the Railroad Company to prevent any surface water from falling upon its right of way or to prevent it from flowing in any particular direction after it has fallen thereon, or for the Railroad Company to determine from the face of the decree just what it is enjoined from doing or not doing.

In Griffith's Miss. Chancery Practice, 2d Ed., Section 449, p. 449, it is stated among other things that " * * * it is highly important that the writ * * * be so clear and explicit on its face that it will distinctly inform the defendant just what he is enjoined from doing or commanded to do. The defendant will not be required to obey an obscure writ, nor will he be obliged to resort to the bill to ascertain the details of what was intended by the writ."

The appellee predicated his right to relief primarily upon the case of Harvey v. I. C. R. R. Co., 111 Miss. 835, 72 So. 273. That case is similar to the case at bar unless it be that in the instant case the Railroad Company did not collect the water on its property, but it either fell on its right of way or drained on the right of way from the Cherry land, but, according to the testimony on behalf of the appellee, the Railroad Company caused the water to run more rapidly through artificial channels than theretofore and discharged the same upon the land of the appellee. We think that the Railroad Company had the right to ballast its tracks and to otherwise use reasonable measures for its proper maintenance, even though the tract may have been elevated from 1 to 4 inches where the ballast was placed. But as we understand the case, the appellee's complaint is that the Railroad Company widened the ditches on its right of way so that they would bring more water onto his land than he received prior to the time that the ditches were widened by the Railroad Company after Cherry had erased his pond. According to the appellee's proof the flow

of the surface waters through the enlarged ditches was considerably increased in volume and caused to overflow on the land of the appellee.

Since the injunction is too broad in its terms to definitely inform the appellant as to what it is expected to do to comply with the writ, the cause must be reversed and remanded in part.

Inasmuch as the appellant is obtaining substantial relief from the decree appealed from and the decree is being affirmed only in part, the costs should be paid one-half by the appellant and the other half by the appellee. And it is so ordered.

Affirmed in part, reversed in part and remanded.

*Kyle, Gillespie, McElroy* and *Jones, JJ.,* concur.