SMITH, Justice.
Following the affirmance of this case, as reported in 178 So.2d 838 (Miss.1965), both parties filed suggestions of error, with supporting briefs. Replies from each side, also supported by briefs, were filed in response to a request of this Court.
We have now reviewed the entire case in the light of the excellent briefs submitted by both sides and have concluded that we should adhere to our former opinion and that both suggestions of error should be overruled.
During the pendency of the suggestions of error, the United States Supreme Court, in an opinion delivered January 17, 1966, in 86 S.Ct. 522, styled Koehring Co. v. Hyde Construction Co., Inc., reversed the decision of the United States Circuit Court of Appeals, 10th Circuit, reported as Hyde Construction Company v. Koehring Company, *581 348 F.2d 643 (10th Cir. 1965), and held that the United States District Court for the Northern District of Oklahoma had acquired jurisdiction in that case on March 11, 1964.
As we read the January 17, 1966, decision of the United States Supreme Court, referred to above, it does not reach the question of the jurisdiction of the Hinds County Chancery Court to render the decree affirmed by this Court.
The suggestions of error filed by appellant and by appellee are overruled.
Suggestions of error overruled.
All Justices concur.
ON MOTION TO CORRECT JUDGMENT
RODGERS, Justice.
The appellee, Hyde Construction Company, filed a motion to correct the judgment heretofore entered in the above-styled cause on the following ground: The amount set out in the judgment of the Court in favor of appellee is excessive since the original amount of $468,450.08 included not only $51,733.71 for “winter protection”, plus $3,-155.76, interest to April 1, 1963, but also $3,163.72 interest from April 1, 1963, to April 8, 1964. In the original judgment of this Court, we subtracted from the original amount allowed by the chancellor in the trial court, the sum of $54,889.47, the total for winter protection and interest to April 1, 1963. However, we did not subtract the interest which was included in the judgment, in the sum of $3,163.72 interest from April 1, 1963, to April 8, 1964.
We are of the opinion that the judgment of this Court should be corrected by subtracting from the total amount allowed by the chancellor, $464,450.08 — the total sum of the “winter protection” $51,-733.71 — plus the two items of interest on the winter protection, making a total sum of $58,053.19, leaving a balance of $406,-396.89 due by the appellant Koehring Company to the appellee Hyde Construction Company, Inc. The judgment should allow six percent interest from and after April 8, 1964, on the balance due to the appellee.
It is next contended by the appellee that the judgment of the Court should be amended to include the surety on appellant’s supersedeas bond, the Fidelity and Deposit Company of Maryland. We agree that the judgment should be amended so as to include the judgment against the Fidelity and Deposit Company of Maryland, surety on appellant’s supersedeas bond, so as to make appellant and the surety jointly liable for the judgment in favor of Hyde Construction Company against Koehring Company. Mississippi Code Ann. § 1973 (1956).
The appellee contends that the judgment in this case should be amended to apportion the cost of appeal between appellant and appellee because this Court affirmed eighty-seven percent of the amount allowed by the judgment and decree of the chancery court, and appellee should not be required to pay all of the cost of appeal. We also agree with this argument, and the judgment is amended so as to charge fifty percent of the cost of appeal to appellant Koehring Company and fifty percent of the cost of appeal to Hyde Construction Company. Miss.Code Ann. § 1971 (1956); Illinois Cent. R. R. Co. v. George, 241 Miss. 233, 130 So.2d 260 (1961); Shipman v. Lovelace, 215 Miss. 141, 60 So.2d 559 (1952); Barry v. Wingfield, 126 So. 842 (Miss.1930).
Finally, it is claimed by appellee Hyde Construction Company, Inc. that it should be allowed five percent damages on the balance of $406,396.89, due appellee, and that the order of the Court should be amended so as to allow such damages. We are of the opinion that this contention is not well-taken. The judgment should not allow damages of five percent. See Miss. Code Ann. § 1971 (1956); Illinois Cent. R. R. Co. v. George, supra; Boyd v. Applewhite, 123 Miss. 185, 85 So. 87 (1920).
*582 The Clerk of the Supreme Court is hereby directed to amend the judgment of this Court entered in Minute Book BN at page 423, dated October 8, 1965, so as to comply with the amendments directed to be made, as above set out.
So ordered.
All Justices concur.