INZER, Justice:
This is an appeal by T. L. Martin from a decree of the Chancery Court of Wayne County adjudging him in contempt of that court for failure to abide by a decree of that court ordering him to pay alimony and to deliver certain personal property to the appellee, Tabitha Martin.
The record in this case reveals that these parties were divorced by a decree of the chancery court rendered on November 25, 1968. By the terms of that decree appellee was awarded a divorce, the custody of the minor child, an automobile and the use of a personal residence so long as she remained single and personally resided therein. Appellant was directed to pay alimony and child support in the amount of $350 *531 per month and to do certain other things relative to the upkeep of the residence and the care of the child. By an agreement made a part of the decree, appellant was allowed to remove from the residence his personal property and enough furniture to furnish an apartment.
On petition of appellant the divorce decree was modified on May 19, 1969, so as to award the custody of the child, a boy then over the age of twelve years, to the appellant and to reduce the alimony payments to $150 per month.
On June 7, 1969, an agreed decree was entered into between the parties further modifying the divorce decree. This decree contained the following finding:
That since there has been a change of circumstances and that Tabitha Martin has sold her interest in the said residence and for certain considerations bestowed upon her by T. L. Martin, desires to vacate and move from the same and desires to forever release T. L. Martin from the obligation and responsibility of furnishing her a place to reside, except that if she vacates and moves from the said residence prior to July 1st, 1969, that T. L. Martin shall pay the rent on an apartment on the East side of Highway #45 North in Waynesboro, Wayne County, Mississippi, for her use, for a period of one (1) year beginning July 1st, 1969, or in the event that she does not desire to live in the said apartment, T. L. Martin shall furnish and pay unto her, instead and in lieu thereof, the sum of Eighty ($80.00) Dollars per month for the .said year, and that at the end of said year, T. L. Martin shall be released from the obligation and responsibility of furnishing Tabitha Martin a place to reside. It is further found that the parties have mutually agreed that if Tabitha Martin has not vacated the said residence by July 1st, 1969, that this Decree provides that she be ordered to immediately vacate the said place forthwith and that Tabitha Martin shall have forfeited the right to demand that T. L. Martin furnish her the aforesaid apartment for one (1) year or the sum of Eighty Dollars ($80.00) per month for one (1) year after July 1st, 1969, and that T. L. Martin shall then be forever released from the obligation and responsibility of furnishing Tabitha Martin a place in which to reside.
After the rendition of this decree Mrs. Martin decided to move to the Coast, and a dispute arose between the parties as to the furniture in the house. Mrs. Martin claimed that all the furniture in the house belonged to her by virtue of the divorce decree and agreement that was made as part of the decree. Mr. Martin claimed that the purchase of her interest in the home included all the furniture. Mrs. Martin was prohibited by Mr. Martin from removing the major part of the furniture. Thereafter Mr. Martin paid the $150 per month, plus the $80 for rent for the year, but failed to pay Mrs. Martin any alimony after November 1, 1969. On April 25, 1970, Mrs. Martin filed this petition asking that Mr. Martin be cited for contempt of court for failure to abide by its decree. The petition charged:
The petitioner would show that the defendant has totally failed to pay the $150.00 per month alimony as ordered by this Honorable Court; that he was in arrears of paying the alimony previously awarded and for which he has not been relieved, and that he has failed to deliver to the petitioner certain personal properties that were hers as a result of the divorce.
Mr. Martin answered the petition and admitted that he was in arrears in the payment of alimony and charged he had been wholly unable to pay it because of financial reverses and the condition of his health and that the condition of his health was such that he could not work. He denied that there was any order of the court requiring him to deliver any personal properties. His answer was made a cross bill wherein he charged that due to a material change of circumstances, the decree order *532 ing him to pay alimony should be modified so as to relieve him from the payment of any alimony, or the alimony should be materially reduced.
The hearing was had and the court found the appellant was in arrears in the payment of alimony in the sum of $1,200, and he had failed to deliver the remaining items of personal property accumulated during the marriage. The court found the appellant was in contempt of court for failure to pay the alimony and ordered him incarcerated in jail until he paid the amount of alimony in arrears, plus an attorney’s fee of $350. The court further found that appellant was also in contempt of court for failure to deliver the items of personal property accumulated during the marriage. The court further found appellant was entitled to have the alimony payments reduced to $100 per month to become effective when appellant had purged himself of contempt.
Appellant gave notice of appeal and filed a motion for a stay of execution thereon with supersedeas pending the appeal. The court entered an order staying the decree and any execution thereon upon the filing of a supersedeas bond in the sum of $2,500. The bond was posted as required, hence this appeal.
Appellant contends (1) that the decree adjudging him in contempt for failure to pay alimony is contrary to the law and against the overwhelming weight of the evidence, and (2) that the chancellor was in error in holding that he was in contempt for failure to deliver certain personal property because there was never any prior decree of the court ordering him to deliver to appellee any personal property and for other reasons.
Insofar as the second contention is concerned, our review of the record convinces us the chancellor was in error in holding the appellant in contempt for failure to deliver to appellee the items of personal property. As we construe the divorce decree it did not award title to the household furnishings to appellee. It awarded the use of the home, which carried with it the use of the household furnishings, except those items which appellant was allowed to remove to furnish an apartment. The decree provided the appel-lee was to have the use of the house so long as she remained single and resided therein. If there was any separate agreement between the parties as to the ownership of furniture, it was not incorporated in the decree. The divorce decree ordered appellant to give possession of the home to the appellee, which he did. There was attached to the decree an agreement whereby appellant was allowed to remove from the home certain items set out therein as a part of the property settlement, but this agreement did not say the appellee was to have title to the other items of household furnishings. The agreed decree modifying the divorce decree was silent as to whether appellee could remove the household furnishings or whether they were to remain in the home. Under these circumstances we hold the appellant could not be adjudged in contempt of court for failure to deliver unspecified items of personal property. It should also be pointed out the decree adjudging him in contempt is defective in that it directed him to deliver personal property without itemizing the particular items to be delivered. In Morgan v. United States Fidelity & Guaranty Co., 191 So.2d 851 (Miss.1966), Morgan was adjudged in contempt of court for failure to obey a decree of the court ordering him to perform specifically every obligation of a certain bond application. In reversing the decree adjudging him in contempt we said, among other things, that:
A decree “should be complete within itself, — containing no extraneous references, and leaving open no matter or description or designation out of which contention may arise as to the meaning. Nor should a final decree leave open any judicial question to be determined by others, whether those others be the parties or be the officers charged with the execution of the decree * * *533 Griffith, Mississippi Chancery Practice § 625, at 676-77 (2d ed. 1950). Decrees ordering the extraordinary writ of injunction should state what the defendant must do or refrain from doing without reference to other documents and without necessity for interpretation of other documents. “The defendant will not be required to obey an obscure writ, nor will he be obligated to resort to the bill to ascertain the details of what was intended by the writ.” Id. § 449, at 449. This statement was applied in Illinois Central Railroad Company v. George, 241 Miss. 233, 130 So.2d 260 (1961), and in Lauck v. Gilbert, 252 Miss. 371, 173 So.2d 626 (1965). In both cases the decree for injunctive relief was reversed because of indefiniteness. See also 28 Am.Jur., Injunctions § 293 (1959). (191 So.2d at 854).
We said further in the opinion that:
In short, the decree of July 23, 1965, is insufficient to support the charge of contempt against Morgan because (1) it is not complete in itself and requires reference to extraneous documents to ascertain what obligations Morgan is required to perform; (2) it is indefinite in that it does not require the performance of any specific act; and (3) it could not be enforced as a decree ordering Morgan to furnish Guaranty Company a financial statement without construing the decree as one delegating to Morgan’s adversary the power to determine what Morgan must do under penalty of contempt. (191 So.2d at 855).
See also Stinson v. Barksdale, 245 So.2d 595 (Miss.1971).
A decree adjudging a person in contempt must be based upon a decree or order which has directed the person found in contempt to perform specific acts; and, likewise, if he is to be incarcerated for failure to perform until he purges himself, the decree must tell him specifically what acts he must do. In the case before us, appellant was never commanded by any prior decree of the court to deliver to appellee any items of personal property and was not told what items of personal property he was to deliver in order to purge himself of contempt. Therefore, that part of the decree adjudging appellant in contempt of court for failure to deliver items of personal property must be reversed. However, in doing so, we do not adjudicate that either party is the owner of the household furnishings in dispute. As we view the record, there has never been any adjudication by the court as to the ownership of the disputed household furnishings, and until this has been done, appellant cannot be held in contempt of court for failure to deliver such property.
As to the contempt for failure to pay the alimony, we do not deem it necessary to detail the evidence. After a careful review of the record in this case, we cannot say the court was in error in finding appellant in contempt of court for failure to pay the past due alimony. We think the court could find from all the facts and circumstances in this case that appellant could have paid the alimony had he desired so to do. It was proper for the court to stay the execution of the order directing that appellant be incarcerated in jail conditioned upon his paying the future alimony and a certain amount each month to be applied on the amount in arrears. However, it was not proper for the court to provide that upon his failure to pay any installment, upon certificate of the chancery clerk that he had failed to do so, the sheriff was authorized to pick him up and hold him in jail until he complied. The court by this means, authorized the revocation of the stay of execution by someone other than the court. If a stay is to be granted only the court can revoke such stay and not the sheriff or the chancery clerk. The rule is that once the stay has been granted, the appellant is entitled to be heard by the court before the stay is vacated.
*534 We find no merit in the appellant’s contention that the court was in error in failing to relieve appellant of any future payments of alimony; neither do we find any merit in the contention that the court was in error in holding the modification of the decree would not become effective until such time as appellant paid the amount he was in arrears. Before appellant was entitled to a modification of the decree without showing he had performed it, it was his duty to show his performance was wholly impossible. The court found he could have performed the decree, but in spite of this fact, it found there had been a material change of circumstances which would justify modification when the appellant had paid the amount in arrears. Since there is no cross appeal, we do not inquire into whether the appellant was entitled to any modification.
There is included in the record in this case another petition for citation for contempt filed after this case had been decided. An agreed decree was entered relative to this petition holding it in abeyance until this case has been decided by this Court. We do not think that this proceeding is a proper part of the record in this case and upon remand to the trial court that court will take such action as is necessary under the provisions of that decree and the bond filed therein.
For the reasons stated, the decree of the chancery court is affirmed, except as to that part which adjudged appellant in contempt of court for failure to deliver certain items of personal property. That part of the decree is reversed and the appellant discharged from any contempt for failure to deliver personal property.
Affirmed in part, reversed in part, and remanded.
GILLESPIE, C. J., and JONES, BRADY and SUGG, JJ., concur.